**4**

### McCOY v. FLEMING.
### No. 11738.

Circuit Court of Appeals, Fifth Circuit.

Feb. 26, 1947.

W. J. Holt, of Dallas, Tex., for appellant.

David London, Dr., Lit., O.P.A., Albert M. Dreyer, Chief, Appellate Branch, O. P.A., and Karl E. Lachmann, Special Appellate Attorney, O.P.A., all of Washington, D. C., and Leonard M. Cox, Regional Litigation Attorney, O.P.A., of Dallas, Tex., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was for $2175.33 treble damages for violation of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., and for an injunction against continued violation.

The claim in general was that plaintiff had demanded and received for apartments owned by him in Dallas, Texas, sums in excess of maximum rents fixed and established by the regulations. In detail it was that he had charged a higher rent than that legally established and permissible to be charged, and in addition had required tenants to pay utility bills when rent chargeable by him under the regulations included such bills.

The defendant denied the overcharges, denied that he would continue to violate the act and regulations, and affirmed that he would obey the regulations, and that no necessity existed for the issuance of an injunction.

On the trial of the case before the court, a great deal of evidence was offered on the charges the bill of particulars set out. This included evidence on plaintiff's part that the maximum rent fixed under the regulations for apartments which had garages included the rent of the garage, and that defendant, notwithstanding that this was so, had charged extra for the garages. There was also evidence on defendant's part that though an employee in the Office of Price Administration in a branch having to do with tires, he was not familiar

with the rental regulations, and was not aware that he was violating them. He testified that he had at no time kept accurate records, that he knew very little about the details of the renting of the apartments, that the management of, and the collection of the rents from, the apartments were in the hands of Mrs. Bowman, his agent, and his wife, and that as soon as the claim of violations was brought to his attention, he went about to correct them, and had arrived at a settlement of his troubles with the Office of Price Administration when the suit was filed.

At the conclusion of all the evidence, the district judge, of the opinion that in consideration of all the circumstances, including the negotiations between defendant and the Office of Price Administration for an amicable settlement of the matter, a just finding on the proof would be that defendant had made overcharges aggregating $346.09, and a just judgment that plaintiff recover that amount trebled, $1038.27, and that an injunction issue, gave judgment accordingly.

Appellant is here complaining of the judgment in two particulars. One is that the bill of particulars not having specifically charged that the violation consisted in charging extra for garages, the proof that it did constituted a variance, and the judgment, based as it was in part on this proof, may not stand. The other is that it was error to award treble damages because the evidence required a finding, and the court found, in effect that the Chandler defense, "that the violation of the regulation in question was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation", had been made out.

We cannot agree with appellant on either of these positions. The point of variance now made was not made on the trial. Indeed, no objection was made to the evidence when offered, but if there had been, the pleadings were certainly broad enough to cover the proof, and defendant not having requested more definite particulars, could not object to evidence within their scope. The second point, that the evidence compelled, and the court in ef-

fect made, a finding that he had proved "that the violation of the regulation in question was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation", and the judgment was thus limited to the actual amount of overcharges found, is wholly without merit.

Sec. 205(e), Emergency Price Control Act of 1942, as amended, on which defendant relies, reads in relevant part as follows: "(e) If any person selling a commodity violates a regulation * * * shall be liable for * * * (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 or more than $50, as the court in its discretion may determine: Provided, however, That such amount shall be the amount of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that the violation of the regulation * * * in question was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation. For the purposes of this section the payment or receipt of rent * * * shall be deemed the buying or selling of a commodity." The act thus leaves in no doubt that upon a finding of overcharge, the court, in its discretion, may award three times the amount of overcharge found, unless the defendant assumes and discharges the burden of proving that the violations were neither willful nor the result of failure to take practicable precautions against their occurrence.[1] The court did not so find here.

Whatever may be said upon the question of willfulness, it is perfectly clear that the court did not find, it could not have found, that the violations were not the result of failure to take practicable precautions. Here the defendant did not even attempt to prove that he took practicable precautions against the occurrence of the violations. Indeed, the record showing that he took no precautions, establishes the exact contrary. The record standing thus, the judgment awarded was entirely within the discretion of the district judge, and it is affirmed.

---

[1] Porter v. Maule, 5 Cir., 160 Fed. 1, and cases cited.