## GATES v. WOODS.

### No. 5635.

Circuit Court of Appeals, Fourth Circuit.

Dec. 23, 1947.

Philip H. Marcum, of Washington, D. C., for appellant.

Nathan Siegel, Sp. Litigation Atty., of Washington, D. C. (E. D. DuPree, Jr., Asst. Gen. Counsel, and Hugo V. Prucha, Chief, Litigation Unit, both of Washington, D. C., on the brief), for appellee.

Before PARKER and SOPER, Circuit Judges, and COLEMAN, District Judge.

PER CURIAM.

This is an appeal from a judgment awarding treble damages under section 205 (e) of the Emergency Price Control Act of 1942 as amended, 50 U.S.C.A.Appendix, § 925(e) and granting an injunction. The action was instituted by Frank R. Creedon, as Housing Expediter, but on the hearing before us Tighe Woods, Acting Housing Expediter, was substituted in his stead upon motion and by order of court. Defendant was in charge of the renting of certain rooms and apartments in Huntington, W. Va. and between August 1, 1945 and March 10, 1947, collected the sum of $370.14 in excess of the maximum rentals established pursuant to the act. The case was heard before a jury, who found that defendant had collected overcharges in the amount named, that she acted wilfully in making the overcharges and that she did not take practicable precautions against their occurrence. The trial judge entered judgment for treble damages under the statute and awarded an injunction, and defendant has appealed.

■ The first question raised by defendant relates to the refusal to strike from the complaint the demand for the recovery of overcharges made between September 1, 1946 and March 10, 1947. It appears that the complaint originally asked damages for the period between February 9, 1946 and September 1, 1946; and under permission to amend to include the period from August 1, 1945 to February 9, 1946, an amendment was filed covering the period from August 1, 1945 to March 1, 1947. No point was raised as to the period from August 1, 1945 to February 9, 1946; and we need not consider any questions with respect to that period. There was certainly no error in permitting the period between September 1, 1946 and the filing of the complaint on March 10, 1947, to be covered; and the refusal to strike from the complaint the allegation covering this period was equivalent to permitting an amendment to cover it. The allowance of such an amendment was certainly within the discretion of the trial judge. See Rule 15(a) and (b) of Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

■■ The only other question presented by the appeal relates to the action of the trial judge in refusing to set aside the jury's verdict and in entering judgment for treble damages. Defendant testified that she did not wilfully violate the rental regulations but acted in good faith, relying on advice given her by an official in the Rent Director's Office. This official denied that he gave her any such advice; and the matter was fully and fairly submitted to the jury under a charge to which no exceptions were taken. We cannot say that the verdict was not supported by the evidence or that the trial judge was guilty of any abuse of discretion in accepting it or in entering judgment upon it for treble damages. Whether he should award treble damages or not was a matter that the law entrusted to his discretion (Creedon v. Babcock, 4 Cir., 163 F.2d 480, 484); and there is nothing in the record to show that the discretion was abused. McCoy v. Fleming, 5 Cir., 160 F.2d 4.

■ As the Emergency Price Control Act of 1942 has expired, counsel for Expediter ask that we modify the injunction so as to forbid violation of the Housing and Rent Control Act of 1947, 50 U.S.C.A. Appendix, § 1881 et seq. Assuming that we have power to grant such relief, we do not think that a case is presented which calls for the exercise of the power.

Affirmed.