CO-EFFICIENT FOUNDATION, Inc., et al.
v. WOODS, Housing Expediter.

No. 12366.

United States Court of Appeals
Fifth Circuit.

Dec. 17, 1948.

Rehearing Denied Jan. 10, 1949.

F. H. Reily, Joe H. Reily and J. W. Spurr, all of Shawnee, Okl., and J. M. Donald, of Bowie, Tex., for appellant.

Ed Dupree, Gen. Counsel, Office of Housing Expediter, and Hugo V. Prucha, Asst. Gen. Counsel, Office of Housing Expediter, and Nathan Siegel, Sp. Lit. Atty., all of Washington, D. C., and J. Edwin Fleming, Lit. Atty., and H. C. Happ, Regional Rent Atty., both of Dallas, Tex., for appellee.

Before HOLMES, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

The Expediter brought suit for rents charged in excess of the amount fixed pursuant to the Emergency Price Control Act of 1942, hereafter referred to as "the Act".[1] He sought injunctive relief and restitution to the tenants under Sec. 205(a), hereafter called (a), and statutory damages in the amount of double the overcharge under Section 205(e), hereafter called (e), or, in the alternative, he sought triple damages under (e) in favor of the United States in event restitution was not awarded. No tenants were made parties to the action.

Co-Efficient Foundation, Inc., was organized in 1944, under the laws of Texas, as a non-profit corporation. Appellants own several multiple housing units which were rented, but appellants from the outset have contended, and now contend, that Co-Efficient Foundation, Inc., was a charitable organization and exempt from rent regulation.[2] They filed, under protest, registrations on "Rooming House Forms" instead of "Housing Accommodation Forms". Their representations that they were renting rooms instead of apartments were not acceptable to the rent control authorities by whom it was ultimately determined that the accommodations were apartments and not rooming accommodations.

The Director, on April 25, 1947, issued an order reducing the rents, but made no order for the refund of the overcharges to the tenants. The appellants failed to make refunds to the tenants of the alleged overcharges and appellee instituted this action on June 25, 1947, more than thirty days after the rent reduction order of April 25.

The defendants set up by way of defense: (1) a denial of the charges of violation; (2) that Co-Efficient Foundation, Inc., was a charitable and educational institution not subject to rent regulations; (3) that as to certain of the properties no regulation of the price was ever established by the Office of Price Administration; (4) that since the rent reduction directive was issued on April 25, 1947, defendants had complied therewith; (5) that the Court was without jurisdiction of any action against the defendants.

During the trial the defendant corporation, without filing a counterclaim, or other pleading in the nature of a setoff, undertook to prove that certain of the tenants were indebted to it for rent.

■ The equitable proceeding under (a) and the legal proceeding under (e) were tried together. Although there was no request or a consent for a trial by jury, it appears that a jury was empaneled and a number of special issues submitted to it. As to the equitable action for restitution

---

[1] Title 50 U.S.C.A.Appendix, § 901 et seq.

[2] Rent Regulations for Hotels and Rooming Houses, S. 1(1) (3), 10 F.R. 3452.

under Sec. 205(a) the jury could only have been advisory in the absence of the consent of both parties under Rule 39(c), Federal Rules of Civil Procedure, and any failure to direct a verdict by the jury was not reversible error under the holding in Kohn v. McNulta, 147 U.S. 238, 13 S.Ct. 298, 37 L.Ed. 150[3] and Perkins v. Prudential Ins. Co. of America, 7 Cir., 69 F.2d 218 (opinion on rehearing).

In answer to these special issues the jury found: (a) the accommodations were apartments, not rooms; (b) the overcharges were collected willfully; (c) the overcharges were the result of the landlord's failure to take practicable precautions against the occurrence of violations; (d) that none of the tenants owed any rent; (e) that the Foundation was not operated as a bona fide charitable organization.

Based upon these findings judgment was entered under Sec. 205(a) against the appellants requiring them to make restitution to named tenants in the total amount of $3,924.30. Judgment was also entered for statutory damages to the United States in the amount of $866.30 under Sec. 205(e).

Appellants, in their appeal here, set up seven specifications of error:

"(1) The court erred in rendering judgment in said cause directing restitution of certain funds to the tenants without said tenants being parties to said action.

"(2) That said court erred in overruling the tenant's motion to dismiss said cause for lack of jurisdiction.

"(3) The court erred in not requiring all of said tenants to be made parties to said action before the rendition of the judgment.

"(4) The court erred in holding that the plaintiff was entitled to a judgment in behalf of the tenants to said property without them being parties to said action.

"(5) That the court erred in not sustaining defendant's motion to the effect that said cause of action was barred by the Statute of Limitation.

"(6) That the court erred in not rendering judgment for the defendants and each of them, upon the ground that the court did not have jurisdiction to render any judgment against these defendants· upon the record introduced in said cause.

"(7) That the court erred in refusing and failing to give instruction to the jury requested by the defendants at the close of the trial."

■ Specifications 1, 3, and 4, wherein appellants contend that the Court below erred in not requiring the tenants to be made parties before ordering restitution, may be disposed of together. This action for restitution was brought under 205(a) and being an equitable proceeding,[4] the trial Court, in the exercise of its equity powers, could have required the tenants to be made parties upon the timely request of one of the parties or sua sponte. Defendants filed no counterclaim seeking either an outright recovery or an offset against the tenants and took no steps under Rules 13 and 14, F.R.C.P., to bring the tenants in as parties, or to have them brought, but instead sought to defeat the action on the ground of the absence of the tenants as parties.

■■ Counterclaim, setoff, recoupment, and the like are in the nature of affirmative remedies which the defendant has the burden of pleading and proving, and the trial Court will not be put in error for appellants' own omissions, or for failing to do that which they did not timely request. It

---

[3] In Kohn v. McNulta, 147 U.S. 238, text 240, 13 S.Ct. 298, the Court said: "So far as the mere matter of procedure is concerned, there was obviously no error. The intervention was a proceeding in a court of equity, and that court may direct a verdict by a jury upon any single fact, or upon all the matters in dispute. But such verdict is not binding upon the judgment of the court; it is advisory simply, and the court may disregard it entirely, or adopt it either partially or in toto. Barton v. Barbour, 104 U.S. 126, [26 L.Ed. 672]; 2 Daniell Ch.Pl. & Pr. (5th Ed.) 1148, and cases cited in note; [Idaho & Oregon Land] Improvement Co. v. Bradbury, 132 U.S. 509, 516, 10 S.Ct. 177, 179 [33 L.Ed. 433], and cases cited."

[4] Porter v. Warner Holding Company, 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332.

is true that the trial Court may, of its own motion, bring in the tenants if it deems same necessary to do complete justice under Section 205(a). See Porter v. Warner Holding Company, 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332; Woods v. Selber, 5 Cir., 171 F.2d 900; Rule 13(h), F.R.C.P. But in the absence of the filing of a counterclaim or offset, or the laying of some other appropriate predicate, and in the absence of a timely motion or request to the trial Court by the defendants to bring the tenants in, the Court will not be put in error for failing to anticipate that during the course of the trial the defendants might undertake to show that some of the tenants were indebted to one or the other of them.

■ The second specification, that the Court erred in overruling defendants' motion to dismiss the cause for lack of jurisdiction, is without merit. Jurisdiction is conferred by Sections 205(a) and (e) and the allegations of the complaint bring the case within these statutes, which require no allegation as to the amount involved nor as to citizenship as a prerequisite to jurisdiction in the District Court.

■ The fifth specification of error is that the Court erred in not sustaining defendants' motion to the effect that said cause of action was barred by the statute of limitation. This specification of error was not argued in the brief of appellant except as they deemed it to affect their claim that the action was prematurely brought. The premise for the conclusion that the action by the United States was prematurely filed is a holding in the case of Woods v. Stone, 333 U.S. 472, 68 S.Ct. 624, that the cause of action arose upon the breach of an order by the Area Rent Director requiring the landlord to refund rental overcharges to the tenant rather than upon the unlawful collection of excessive rent. This premise is not an allowable one here because in the present case the Area Rent Director made no order of refund, and since in the present case there is no violation of an order to refund, the suit was not, and could not have been, based upon that kind of a violation by which to give rise to the accrual of a cause of action. We do not interpret the opinion of the Supreme Court in the Stone case to mean that nothing else can call the statute of limitations into motion, or otherwise mature the cause of action, but a refund order by the Area Rent Director. The Government contends that there was in the rent reduction order of the Rent Director of April 25, 1947, an implied order to the landlord to make a refund to the tenants. There may have been an implied obligation to make a refund but of a certainty there was no implied order for a refund. A refund of overcharges in rent is not a necessary concomitant of a rent reduction order. The latter could be occasioned by fire or changed conditions in the accommodations furnished, unpreceded by any illegal overcharge. A mere reduction in the rent, standing alone, cannot beget the accrual of a cause of action except upon violations that come into being thereafter—of which there were none in the present case.

■ Since the failure of the Area Rent Director to order a refund when the rent was reduced on April 25, 1947, renders it impossible to apply the test supplied in Woods v. Stone, supra, we, therefore, are relegated to the test supplied by the statute, viz., "the date of the occurrence of the violation". Our concept of the function of this Court does not permit us to invent any other event than that provided in Sec. 205(e) as denoting the time of the accrual of a cause of action under that section, and thus we must refrain from undertaking to insert into the statute the Expediter's contention that there was an implied order that set the statute of limitations in motion. Moreover we must reject the concept that the violation of a non-existent order could ever be an event, or act, that would produce the accrual of a cause of action. Since in the present case the only order or regulation or price schedule fixing the maximum price shown to have been violated was the collection of rent in excess of the applicable maximum rental price allowed under the registrations filed by the landlord, we shall hold that each collection of excessive rent was a violation under the Act, setting in motion the statute of limitations, and, therefore, the only damages that could have been recovered under Sec. 205(e) must be for the

overcharges made within one year prior to the institution of the suit. We note that no overcharges are included in the judgment for $866.30 that were made prior to one year from the date of the filing of the suit in question. Therefore, the question of the statute of limitations has no place in this case except in its collateral relation to the question of whether the suit was filed one day prematurely because the question of whether or not the suit was filed prematurely will be answered by an ascertainment of the date when the cause of action accrued under Sec. 205(e).

 The period of limitations provided by 205(e) could have been invoked only as to the recovery sought under that subsection. There is no period of limitation prescribed by subsection (a) and the limitation set up in 205(e) cannot be made applicable to the equitable action under subsection (a) unless in such equitable action under (a) it was sought to enforce some purely legal right. See Nuveen v. Board of Public Instruction of Gadsden County, Fla., 5 Cir., 88 F.2d 175; Creedon v. Randolph, 5 Cir., 165 F.2d 918; 34 Amer. Jur., Limitation of Actions, § 58.

In the light of this conclusion it follows that the contention of appellants that since the cause of action accrued on the date of the rent reduction order the suit was prematurely brought in that it was filed one day before the expiration of the thirty days allowed under Sec. 5d of the Rent Regulations, plus the thirty days after violation allowed by subsection (e) to the tenant in which to bring suit, is not well taken. The thirty days allowable under Sec. 5d of the regulations is applicable in cases where the Director has ordered a decrease in the rent. But here we are not concerned with any thirty days in which to secure a review of such reduction order because the violation as to the rent collected at 1300 Mistletoe Drive and 805 W. Broadway was not of the order reducing the rent but in theretofore charging rent in excess of the rental fixed in the prior registration. Therefore, it cannot be said that the suit was prematurely brought, for it clearly appears that more than thirty days had elapsed between the date of any alleged violation and the date of the bringing of the suit by the Government under subsection (e), and there is no thirty-day proviso or one year limitation as to equitable actions under subsection (a).

Appellants also argue that the property known as 1300 Mistletoe Drive and 805 W. Broadway belonged to Mrs. Lillian Glenn and not to Co-Efficient Foundation, Inc. This contention was not pleaded and the question now comes too late. Moreover, the question is not one of title to the property but is a question of who charged and collected overcharges in rentals.

The final contention of the appellants, that the Court erred in refusing and failing to instruct the jury to find for the defendants as requested at the trial, is unavailing for the reason heretofore given that it was not error to refuse to direct a verdict in the case of an advisory jury in the equitable action under 205(a), and for the further reason—which is applicable to proceedings under both (a) and (e)—that there was substantial evidence upon which to submit to the jury each of the special issues covered by the verdicts.

The judgment is affirmed.