WOODS, Housing Expediter v. DOWNING.
Civ. A. No. 6631.

United States District Court
W. D. Pennsylvania.
June 13, 1949.

Irving I. Solit, Lit. Atty., Upper Darby, for plaintiff.

Gerald A. McNelis, Erie, for defendant.

GOURLEY, District Judge.

Tighe E. Woods, Housing Expediter, has brought suit for rents charged in excess of an amount fixed pursuant to the Emergency Price Control Act of 1942, its supplements and amendments, 50 U.S.C.A.Appendix, § 901 et seq.

The Expediter claims restitution in behalf of the tenant under Section 205(a), and statutory damages in the amount of double the overcharge under Section 205 (e), and such other and further relief as may be fair and equitable, and as to the court may seem just and proper. The tenant was not made a party to the action. The case was heard by the court without a jury, no request having been made by either of the parties for a jury trial.

On April 2, 1946 the defendant purchased a three story brick structure situate one-half block east of the main business section of the City of Erie. At the time of the purchase the first floor was commercially occupied, the second floor was used as household accommodations, and the third floor was vacant, but had been previously used as housing accommodations. After the purchase, the second and third floors were reconditioned, including the hallway and stairs, and the second and third floors were offered to the public for mercantile purposes. The second floor was rented for commercial purposes, and numerous efforts were extended by the defendant to rent the third floor for commercial purposes. The defendant refused on many occasions to rent the third floor for housing accommodations, and the dispute which exists in this case relates to the circumstances and understanding which existed at the time the third floor was rented. The Expediter contends that the third floor was rented for household purposes, and the defendant contends that the third floor was rented for commercial purposes. The tenant Betty Brez occupied the premises from May 1, 1946 to December 31, 1946, and during the whole of this period paid rental in excess of the maximum which had been fixed for said quarters as a housing accommodation.

Under the Act which was in effect during the time of the matters complained of, jurisdiction existed in the court regardless of the amount involved and the citizenship of the parties. Co-Efficient Foundation v. Woods, 5 Cir., 171 F.2d 691; Creedon, Housing Expediter, v. Seele, D.C., 75 F.Supp. 767.

The Act involved in this proceeding was repealed by the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq., which became effective June 30, 1947. Under the provisions of the Act of 1942, its supplements and amendments, 50 U.S.C.A. Appendix, § 901, it was provided, inter alia,

that said Act shall be treated as remaining in force for the purpose of sustaining any proper suit, action or prosecution, with respect to any such right, liability or offense which occurred during the effectiveness of said Act.

The rule of law expressed in our own circuit, which requires the amount in controversy to exceed the sum or value of $3,000.00, does not apply since this rule is based on the interpretation of the Housing and Rent Act of 1947. Fields v. Washington, 3 Cir., 173 F.2d 701.

■ The Expediter demands that the defendant be ordered and directed to refund the tenant all amounts in excess of the maximum rents established by the Act and regulations. Since said action is brought under Section 205(a) and is an equitable proceeding, although the court could have required the tenant to be made a party to the proceeding, it was not necessary. Co-Efficient Foundation v. Woods, supra.

■ The power of the Court to direct restitution being made to the tenant is within the highest tradition of a court of equity, and is a separate cause of action from the claim of the Expediter for double the amount of the overcharges which is the penalty that goes to the United States Treasury under Section 205(e). Porter v. Warner Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332; Co-Efficient Foundation v. Woods, supra.

■ It is, therefore, proper for the court to order restitution of the rents collected by the defendant landlord in the action filed by the Housing Expediter, and to also enter judgment in favor of the Housing Expediter in behalf of the United States for double the amount of the overcharges made. Gates v. Woods, 4 Cir., 169 F.2d 440; Creedon v. Evangelists et al., D.C., 77 F.Supp. 538; Co-Efficient Foundation v. Woods, supra; Porter v. Warner Co., supra.

■ Restitution may be directed on the part of the landlord with or without a claim for injunctive relief under the equitable powers of the court. Creedon v. Randolph, 5 Cir., 165 F.2d 918.

■ The statute of limitation does not apply to an action of restitution. Co-Efficient Foundation v. Woods, supra.

■ Since I believe that overcharges were made and that the defendant had knowledge that the premises were being used as a housing accommodation, the Expediter, in behalf of the United States, is entitled to judgment for statutory damages pursuant to the action brought under Section 205(e). Bowles v. Heinel Motors, D.C., 59 F.Supp. 759, affirmed 3 Cir., 149 F.2d 815.

■ The burden is on the defendant to show lack of willfullness or the taking of practicable precautions, and since said burden has not been met, it is proper for the court to award damages in excess of the amount of the overcharges. Bowles v. Hastings, 5 Cir., 146 F.2d 94; McCoy v. Fleming, 5 Cir., 160 F.2d 4.

The Court makes the following Findings of Fact and Conclusions of law:

### Findings of Fact

1. That Tighe E. Woods is the duly appointed Housing Expediter of the Office of the Housing Expediter and has the right to bring this action as plaintiff under the Emergency Price Control Act of 1942, as amended, by virtue of Executive Order No. 9841, 50 U.S.C.A.Appendix, § 601 note.

2. That jurisdiction of this action is conferred upon this Court by Sections 1(b), 205(a), and 205(c) of the Emergency Price Control Act of 1942, as amended.

3. That at all times mentioned herein, there was in full force and effect the Emergency Price Control Act of 1942, as amended, and the Rent Regulation for Housing, as amended, 8 F.R. 7322, issued thereunder.

4. That on or about April 2, 1946, Fred Downing, defendant, became the owner of premises known as 18 East 7th Street, Erie, Pennsylvania, paying therefor the sum of $20,000.00, of which $2500.00 was in cash, $15,000.00 secured by a purchase money mortgage, and a second mortgage of $2500.00, the latter in favor of Phillip F. Bayhurst who was represented by Gerald A. McNelis, Esq., in the transaction.

5. That said premises have erected thereon a three story brick building and is located one-half city block from the main business thorofare and approximately one full block from the largest department store in said city.

6. That it was the intention of the said defendant, Fred Downing, from the beginning to convert said premises entirely to a commercial or mercantile structure, at the time of the purchase, the first floor being occupied for commercial purposes, the third floor was vacant, and the second floor was occupied by a tenant for household accommodations.

7. Consistent with this purpose and intent, Fred Downing, the defendant, requested the second floor tenant to vacate, giving the tenant two months' rent free as an inducement therefor.

8. That the said Fred Downing shortly thereafter rented the second floor of said premises to Alexander Furs at the rate of $75.00 per month as a fur shop, and the said second floor is still so occupied at the present time.

9. That the said third floor apartment, 18 East Seventh Street, Erie, Pennsylvania, is located in the Erie Defense Rental Area and is subject to the Emergency Price Control Act of 1942, as amended, and the Rent Regulation for Housing if the said third floor apartment is occupied as a housing accommodation.

10. That one, Betty Brez, occupied said apartment as a tenant during the above period, from May 1 to December 31, 1946.

11. That between the date of the acquisition of the property and the date it was leased to the said Betty Brez and the fur shop the said Fred Downing, defendant, expended a large sum of money reconditioning the stairs and hallways from the street to the third floor, removed partitions on the second floor, sanded floors on the third floor, reconditioned, cleaned, papered and painted, fixed windows and locks, and took out a partition in the front room on the third floor making one large room sized approximately 16′ x 20′.

12. That the said tenant, Betty Brez, paid rent to the defendant in the amount of $40.00 per month from May 1, 1946 to October 31, 1946 and $42.63 per month from November 1, 1946 to November 30, 1946, and $40.52 per month from December 1, 1946 to December 31, 1946.

13. That on the maximum rent date, to wit, March 1, 1942, the rent for the said third floor apartment was $25.00 per month as a housing accommodation.

14. That during the period involved in this action, the maximum legal rent for the said third floor apartment as a housing accommodation was $25.00 per month.

15. That on or about April 8, 1946, the defendant entered into a lease with the tenant, Betty Brez, for the said third floor apartments which lease provided, inter alia, as follows: "To have and to hold said premises, with the appurtenances unto said party of the second part, to be used and occupied for mercantile purposes and for other purposes not more hazardous from the First day of May 1946 until the Thirty-first day of March, 1947."

16. That the aforesaid lease entered into between the defendant and the tenant, Betty Brez, did not restrict or prohibit the said tenant, Betty Brez, from occupying the said premises as a housing accommodation.

17. That the provision in the lease, pertaining to the use and occupancy of the premises, does not prohibit the tenant from occupying the said premises as a housing accommodation.

18. That at the time the defendant leased the said premises to the tenant, Betty Brez, the said Betty Brez made known to the defendant that she intended occupying the third floor apartment as living accommodations in addition to performing certain work therein in connection with her employment at a dress shop.

19. That at the time that the defendant leased the said premises to the tenant, Betty Brez, the defendant knew that the tenant, Betty Brez, intended to occupy the said third floor apartment as living quarters.

20. That the tenant, Betty Brez, did occupy the third floor apartment, 18 East Seventh Street, Erie, Pennsylvania, as

24

dwelling or living quarters during the entire period involved in this action, to wit, May 1, 1946 to December 31, 1946.

21. That during said period, the tenant never used and occupied the third floor apartment for mercantile purposes.

22. That the said third floor apartment contained three rooms and a bath.

23. That the said three rooms were being used and occupied as a kitchen, living room, and bedroom and that furniture and equipment for said purposes were contained in these rooms during the entire period involved in this action.

24. That the defendant visited and inspected the said third floor apartment on several occasions and must have observed that the tenant was occupying said premises as living quarters or as a housing accommodation.

25. That the rents received by the defendant were in excess of the maximum legal rent for the said third floor apartment which was used and occupied by the tenant, Betty Brez, as a housing accommodation.

26. That the total overcharges received by the defendant during the period from May 1, 1946 to December 31, 1946 (exclusive of July, 1946) amounted to $108.15.

27. That the period from July 17, 1946 to December 31, 1947 is within one year from the date of the institution of suit.

28. That the total overcharges received by the defendant during the period within one year from the institution of suit amounted to $78.15 representing single damages; twice the amount of the overcharges amounts to $156.30 representing double damages.

29. That the aforesaid overcharges were demanded and received by the defendant in violation of the Emergency Price Control Act of 1942, as amended, and the Rent Regulation for Housing, as amended, issued thereunder.

## Conclusions of Law

1. That this Court has jurisdiction of the subject matter of this action and the parties hereto by virtue of Sections 1(b), 205(a), 205(c), and 205(e) of thte Emergency Price Control Act of 1942, as amended, and the Rent Regulation for Housing, as amended, 8 F.R. 7322, issued thereunder.

2. That during the period from May 1, 1946 to December 31, 1946, exclusive of July 1946, the defendant violated the Emergency Price Control Act of 1942, as amended, and the Rent Regulation for Housing, as amended, issued thereunder, by demanding, accepting, and receiving rent for the housing accommodation designated as the third floor apartment, 18 East Seventh Street, Erie, Pennsylvania, in excess of the maximum legal rent permitted by said Act and Regulation.

3. That the foregoing violation was wilful and due to the defendant's failure to take practicable precautions against the occurrence of the violation.

4. That an Order requiring full restitution of the overcharges to the tenant is authorized by Section 205(a) of the Emergency Price Control Act of 1942, as amended.

5. That the plaintiff on behalf of the United States Government is entitled to double damages for all overcharges occurring within one year from the institution of suit by virtue of Section 205(e) of the Emergency Price Control Act of 1942, as amended.

6. That the plaintiff is entitled to judgment as follows:

(a) Judgment for the plaintiff, on behalf of the United States and against the defendant, in the sum of $156.30.

(b) The defendant is hereby ordered to make restitution to the tenant, Betty Brez, in the sum of $108.15.

(c) That the costs of this action be assessed against the defendant.