**McCOMB v. JACKSONVILLE PAPER CO. et al.**

**Civ. No. 209–J.**

United States District Court
S. D. Florida, Jacksonville Division.

Aug. 28, 1950.

492

Beverly R. Worrell, Dep't of Labor, Birmingham, Ala., for plaintiff.

Ragland, Kurz & Layton, Jacksonville, Fla., for defendants.

DE VANE, District Judge.

This case is again before the court as the result of a mandate of the Supreme Court of the United States in McComb v. Jacksonville Paper Company, 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599. The litigation in this case has acquired an extensive history. The case has been to the Supreme Court twice—both times on certiorari secured by plaintiff. No District or Court of Appeals Judge—and there have been eight of us—has ever been able to successfully ferret out all the applicable law to the case and the Supreme Court has had to direct us to it. I am here now called upon by the mandate of the Supreme Court to punish defendants in this civil contempt proceeding for violations of this law as announced by said court.

The complaint was originally filed on July 8, 1940, seeking an injunction under Section 17 of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., against alleged violations of said Act. After trial the District Court on August 29, 1941 entered a final judgment (not reported) in which it found the operations of the defendants in the main office and warehouse in Jacksonville, Florida, and in the branches located in Jacksonville, Tallahassee and Pensacola, Florida, Mobile, Alabama, and Savannah, Georgia subject to the Act. It found and held that the employees of the defendants at the branches located at St. Petersburg, Tampa, Lakeland, Orlando, West Palm Beach and Miami, Florida, and Macon, Georgia, not subject to the Act. Both sides appealed and the Court of Appeals, 5th Circuit, in Fleming, Administrator, v. Jacksonville Paper Company, and vice versa, 128 F.2d 395, reversed the lower court primarily on the ground that the judgment and injunctive order went beyond the relief sought by plaintiff and directed that a new judgment and injunctive order be entered restricting the injunction to violations alleged in the complaint. Certiorari was granted by the Supreme Court of the United States, Walling v. Jacksonville Paper Co., 317 U.S. 615, 63 S.Ct. 72, 87 L.Ed. 499, and in its opinion the Supreme Court,

.317 U.S. 564, 63 S.Ct. 332, 335, 87 L.Ed. 460 modified the holdings of the Court of Appeals and as modified affirmed the judgment of that court.

The Supreme Court held that that part of the decision of the Court of Appeals which held that "any pause at the warehouse is sufficient to deprive the remainder of the journey of its interstate status", was too restrictive. The Supreme Court held that a temporary pause in the warehouse does not mean that goods are no longer "in Commerce" within the meaning of the Act; if the halt in the movement of the goods is a convenient and natural step in the process of getting them to their final destination, they remain in Commerce until they reach such destination.

The Supreme Court held, however, that the administrator had not sustained the burden of proof which was on him to show that the goods continued "in Commerce" when they passed through defendants' warehouses at its branches. This question was left for decision by the District Court after further evidence thereon.

Following receipt of the opinion and mandate of the Supreme Court, the District Court on June 3, 1943, without further hearing entered an amended judgment which did little more than extend the injunctive provisions of the former judgment to the branch offices excluded by the former judgment. Prior to the entry of this judgment the administrator sought no adjudication by the court as to what classes of employees of defendants, at its branch offices, were in fact subject to the Act.

On April 16, 1946, the administrator filed in this case an application seeking an adjudication in civil contempt of the defendants, based on alleged violations of the terms of the judgment of this Court entered August 29, 1941, and the amended judgment entered June 3, 1943. In this application the administrator raised several questions, summarized by the court in its Memorandum Opinion reported in Walling, Administrator v. Jacksonville Paper Company, D.C., 69 F.Supp. 599. All these questions were resolved by the court in favor of the administrator. All of said questions, save

one, were raised at the first trial of this case but the court at that time refused to adjudicate any of them and there had never been an adjudication upon any of these questions prior to the judgment of this court entered January 23, 1947. In his application for adjudication in civil contempt the administrator raised the further question as to his authority under the Fair Labor Standards Act to enforce the payment of unpaid statutory wages to employees who were under the Act. The administrator relied upon Porter, Administrator v. Warner Holding Company, 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332, for his authority to enforce such payments.

This court upon the record before it declined to adjudge defendants in civil contempt and visit punishment upon them for the alleged violation of the prior injunctive orders of the court and held that the plaintiff did not have the authority under the act except by way of punishment for civil contempt, to enforce the payment of unpaid statutory wages to defendants' employees. The court further held there was no evidence in the record of contumacy that would justify the infliction of a penalty upon the defendants measured by the amount of unpaid statutory wages and refused to order the payment of such wages. See Walling, Administrator v. Jacksonville Paper Company, D.C., 69 F.Supp. 599. The Court of Appeals affirmed, 5 Cir., 167 F.2d 448, but the Supreme Court reversed on the two questions enumerated last above, Mc-Comb v. Jacksonville Paper Co., 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599. The case is again before the court with directions to adjudicate and punish the defendants in civil contempt and as a part of said punishment to determine the amount of unpaid statutory wages due by the defendants to their employees and order payment thereof.

In punishing defendants for civil contempt this court shall keep in mind that all the questions raised by the petition for adjudication, save one, were raised on the first hearing of this case, were never reached and decided by the District Court, the Court of Appeals, or the Supreme Court prior to filing application for adjudication of defendants in civil contempt and that the

burden of proving the matters complained about were violations of the Act rested upon the administrator. There is not a scintilla of evidence in the record that defendants did anything to circumvent any prohibition of either former judgment. They strictly obeyed the mandate of these judgments insofar as they were specific in their commands. The one question not before the court originally was the adoption by defendants of a bonus plan and this plan was adopted and put into effect between the entry of the first and second judgments in this case. The evidence shows that the administrator was aware of its adoption when the second judgment was entered and it was not condemned by this judgment. Upon this state of the record it is difficult for the court to understand how defendants "took a calculated risk" when they continued these practices following the entry of the second judgment in this case. The court, therefore, holds that it would be unjust in this case to do more than adjudge the defendants in civil contempt and impose a minimum fine for such contempt, plus such additional punishment as must be visited upon them by reason of the Supreme Court's holding upon the next question to be considered by this court. The Supreme Court has held that it is my duty to adjudge defendants guilty of civil contempt and as a part of the punishment inflicted upon them to order the payment of wages due the employees. That settles the question and the court will in this case require the defendants to make payments, within the limits hereinafter stated of all unpaid wages to former as well as present employees. The court will require an accounting by the defendants of such unpaid wages and payment to the employees in all cases where they may be found. It will allow the defendants ninety days after it has filed its accounting in this court to make such payments and it will attach as an additional penalty in civil contempt to be paid to the United States any wages due but not paid to employees or former employees.

The parties are in dispute as to the period for which the defendants may be made to account for the unpaid wages. Plaintiff contends that he is entitled to an account-ing since August 29, 1941, the date of the original judgment in this case. Defendants contend that upon both legal and equitable grounds the one year Statute of Limitations controls and that they should be required to account for the unpaid wages for one year prior to April 16, 1946, the date on which this civil contempt proceeding was instituted. The one year statute clearly is not applicable. See Creedon v. Randolph, 5 Cir., 165 F.2d 918; Co-Efficient Foundation v. Woods, 5 Cir., 171 F.2d 691; Moore v. U. S., 5 Cir., 182 F.2d 332. Defendants contend that should the court hold the one year Statute of Limitations does not control in this case, they cannot be required to account for any unpaid wages prior to June 3, 1943, the date on which the original judgment was amended and modified.

While the original judgment entered on August 29, 1941, was reversed by the Court of Appeals, 128 F.2d 395, and in this respect the holding of the Court of Appeals was affirmed by the Supreme Court of the United States in 317 U.S. 564, 63 S. Ct. 332, 87 L.Ed. 460, when the case came back to the District Court there was no modification in substance of the judgment of the court save and except that part of the judgment holding the Fair Labor Standards Act not applicable to several of the branch offices of defendants. The judgment was amended to extend the injunctive order to these branch offices. In the judgment entered by me on the petition for adjudication in civil contempt, dated February 19, 1947, all the terms and conditions of the final judgment entered August 29, 1941 and the amended and modified judgment entered June 3, 1943 were expressly continued in full force and effect and the prior judgments were further amended and broadened to include specific matters adjudicated in plaintiff's favor on the petition for adjudication in civil contempt. The terms of the judgment of August 29, 1941, still being in full force and effect, defendants will be required to account for all unpaid wages of all persons in its service since August 29, 1941 entitled to benefit from this case.

Defendants will promptly proceed to prepare and submit to the administrator an ac-

counting for these wages and the parties will be expected to come into court with an agreed statement of this accounting or submit to the court any controversy that may arise with reference thereto. After the statement has been approved by the court defendants will be allowed ninety days within which to make payments to its employees and former employees and thereafter an appropriate judgment will be entered against defendants in conformity with this Memorandum Decision pursuant to the mandate of the Supreme Court. In said judgment the court will adjudge defendants guilty of civil contempt and assess as a penalty for said civil contempt a nominal fine of $1 plus the unpaid wages not distributed to the employees and former employees of defendants.

Plaintiff now raises an additional question in this case. The administrator contends that in addition to the foregoing punishment for contempt inflicted upon the defendants that the court should also require the defendants to pay to the administrator all expenses incurred in investigating and prosecuting this civil contempt action. The court does not doubt its power to impose such penalty upon the defendants, but the equities in the case do not warrant it. It has been heretofore repeatedly pointed out that all the issues raised in the civil contempt proceeding, save one, were raised in the original proceeding and that they were not adjudicated prior to the civil contempt proceeding for the sole reason that the administrator, after the Court of Appeals and the Supreme Court of the United States had reversed the District Court, abandoned further efforts to secure adjudication of these questions and again accepted in lieu thereof a final judgment in general terms. It is true that defendants also consented to the entry of this judgment and that the defendants have been found guilty of civil contempt, and made to suffer as the result of such contempt. But this court is still of the opinion defendants were entitled to a trial of the issues raised in the case prior to being hailed before the court in a civil contempt proceeding and the burden of securing a ruling upon the issues raised rested upon plaintiff.

The court will tax against the defendants all taxable costs in the case but will not include in its judgment of civil contempt anything in the way of compensation to the administrator for expenses incurred in investigating and prosecuting this civil contempt proceeding.