Mrs. W. K. NICHOLSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 12309.

United States Court of Appeals
Sixth Circuit.

April 27, 1955.

Newman Brandon, Jr., Nashville, Tenn., for appellant.

Fred Elledge, Jr., and Andrew M. Gant, Jr., Nashville, Tenn., for appellee.

Before ALLEN, MARTIN and STEW-ART, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for double damages based upon appellant's violation of §§ 205, 206(b) and 206(c) of the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, §§ 1895, 1896(b, c).

Appellant urges that the judgment should be reversed because the tenant misinformed her as to the allowable rent and made no objection to paying the overcharge, because the Rent Control legislation has expired, and because the trial judge allowed an alleged animus against appellant's attorney to influence his assessment of double damages.

We find these contentions without merit. It was the appellant's duty to secure correct information from official sources as to the allowable maximum rental of her property. Woods v. Tate, 5 Cir., 1948, 171 F.2d 511. The willing-

ness of the tenant to pay an overcharge is no defense. Bray v. Peck, 9 Cir., 1951, 190 F.2d 998. Expiration of the statute did not toll the legal effect of §§ 205 and 206 of the Housing and Rent Act of 1947. United States v. Moore, 1951, 340 U.S. 616, 71 S.Ct. 524, 95 L.Ed. 582.

Moreover, we think appellant has misconceived the import of the trial judge's remarks in thinking they indicate any bias towards her counsel. Appellant's counsel is revealed throughout the record as a courteous and ethical attorney, an impression confirmed upon his appearance before this court. The assessment of double damages was within the discretion of the trial court, and we find no abuse of that discretion which would justify us in disturbing the judgment. Gates v. Woods, 4 Cir., 1947, 164 F.2d 936.

It appears, however, that a mathematical error was made in computing double damages. The case is therefore remanded to the district court with directions to reduce the amount of the judgment in favor of the United States from $376 to $356.