United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-10324

Summary Calendar

ROBBINS HARDWOOD FLOORING INC

Plaintiff - Appellee

v.

BOLICK DISTRIBUTORS CORPORATION, also known as Bolick
Distributors Inc

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas, Dallas Division
No. 3:02-CV-1124-H

Before KING, Chief Judge, and EMILIO M. GARZA and BENAVIDES,

Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Bolick Distributors Corporation

("Bolick") appeals the district court's ruling that Bolick is not

entitled to an offset against the amount it was found to owe

Plaintiff-Appellee Robbins Hardware Flooring, Inc. ("Robbins").

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For the following reasons, we AFFIRM.

## I. FACTUAL AND PROCEDURAL HISTORY

The facts giving rise to this dispute are generally uncontested. Robbins is a manufacturer of hardwood flooring products, and for almost twelve years, Bolick was an at-will distributor of Robbins's products. During February and March 2002, Bolick ordered hardwood flooring products from Robbins. In anticipation of a continuing relationship between the two, Bolick incurred various expenses to market and promote Robbins's products for 2002.

On March 7, 2002, Robbins terminated its relationship with Bolick, effective June 8, 2002. Having received no payment from Bolick for the flooring Bolick had ordered, Robbins filed suit on May 28, 2002, for breach of contract, suit on a sworn account, and attorneys' fees. Robbins then moved for partial summary judgment on the breach of contract and sworn account issues. Bolick filed an opposition to summary judgment, in which it argued that it was entitled to offset expenses that it had incurred while marketing and promoting Robbins's products. Bolick had not made any such claim in its answer. The district court granted Robbins's motion for partial summary judgment, but denied Bolick's offsets. Bolick appeals only the district court's refusal to offset its expenditures from its indebtedness to Robbins.

## II.  STANDARD OF REVIEW

"We review a district court's application of state law <u>de novo</u>."  <u>City of Shreveport v. Shreve Town Corp.</u>, 314 F.3d 229, 234-35 (5th Cir. 2002).  We also review questions of federal law <u>de novo</u>, including the district court's interpretation of the Federal Rules of Civil Procedure.  <u>Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich.</u>, 97 F.3d 822, 827 (5th Cir. 1996).  "[T]he decision to allow a counterclaim to be pleaded is," however, "a matter of judicial discretion and may be reversed on appeal only if the party can demonstrate that the court abused its discretion."  <u>Rohner, Gehrig & Co. v. Capital City Bank</u>, 655 F.2d 571, 576 (5th Cir. 1981).

## III.  DISCUSSION

In its briefs on appeal, Bolick claims that it is entitled to setoff or recoupment[1] under Texas law, because, when Robbins terminated its relationship with Bolick, Robbins did not give Bolick a reasonable opportunity to recoup the expenses it had incurred to maintain and expand the market for Robbins's products.  The district court refused to allow Bolick to amend

---

[1]    Although Bolick uses the terms "setoff" and "recoupment" interchangeably, they have different meanings under Texas law:  "The right of setoff allows entities that owe each other money to apply their debts to each other.  Where setoff is allowed, there are mutual debts arising from different transactions, which contrasts with the single transaction required in recoupment."  <u>Sommers v. Concepcion</u>, 20 S.W.3d 27, 35 (Tex. App.--Houston [14th Dist.] 2000, pet. denied) (citations omitted).  Here, however, the analysis is the same whether the claim is classified as a setoff or a recoupment.

its pleadings to include setoff[2] because Bolick had not (1) stated a claim for setoff under Texas law and (2) put forth any competent summary judgment evidence in support of its setoff claim. The district court also opined that Bolick's claim was essentially premised on breach of the distributorship agreement, but Bolick did not plead such a counterclaim, and amendment of the pleadings to allow the claim would be prejudicial to Robbins.

On appeal, Bolick does not assert that the district court erred by not allowing it to amend its pleadings; instead, Bolick simply argues that recoupment is a "defense," rather than an affirmative defense or counterclaim. "In diversity of citizenship actions, state law defines the nature of defenses, but the Federal Rules of Civil Procedure provide the manner and time in which defenses are raised and when waiver occurs." Morgan Guar. Trust Co. of N.Y. v. Blum, 649 F.2d 342, 344 (5th Cir. 1981). Under Texas law, setoff and recoupment are both counterclaims. E. E. Farrow Co. v. U.S. Nat'l Bank of Omaha, 358 S.W.2d 934, 935 (Tex. Civ. App.--Waco 1962, writ ref'd n.r.e.). Federal Rule of Civil Procedure 12(b) requires that counterclaims be asserted in a responsive pleading. See also Co-Efficient Foundation v. Woods, 171 F.2d 691, 694 (5th Cir. 1949) ("Counterclaim, setoff, recoupment, and the like are in the nature of affirmative remedies which the defendant has the burden

---

[2] At the district court level, Bolick asserted that it was entitled to setoff, not recoupment.

4

of pleading and proving.").

As previously noted, Bolick did not assert a claim for setoff or recoupment in its pleading. Bolick first alleged that it was entitled to setoff or recoupment in its opposition to summary judgment, and even then, it did not request that it be allowed to amend its pleadings. By this time, the deadline for amending pleadings as a matter of course had passed. See FED. R. CIV. P. 15(a). This is not necessarily fatal to Bolick's claim because, with leave of the court, a party may amend its pleadings after the deadline, and leave to amend "shall be freely given when justice so requires." Id. Proper reasons for denying amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). After a thorough review, we find much support for the trial court's refusal to allow amendment of Bolick's pleading. Bolick has cited no authority, beyond mere dicta, to show that it has stated a claim under Texas law. Nor has Bolick provided any reason why its claim was not pleaded or attempted to show that amendment would not be prejudicial to Robbins. Bolick has never even requested that it be allowed to amend its pleadings. In light of this, we find it clear that the trial court did not abuse its discretion in refusing to allow amendment of Bolick's pleading to

5

allege a counterclaim of setoff or recoupment.

## IV.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of Bolick's claim of setoff or recoupment.