**BOWLES, Administrator, O. P. A., v. HASTING.**

No. 11129.

Circuit Court of Appeals, Fifth Circuit.

Dec. 13, 1944.

Fleming James, Jr., Director, Litigation Division, O. P. A., and David London, Chief, Appellate Branch, O. P. A., both of Washington, D. C., and David B. Love, Regional Litigation Atty., O. P. A., of Dallas, Tex., for appellant.

Carroll E. Florence, of Gilmer, Tex., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

Appellant sued appellee in the District Court for an injunction and for damages

---

[10] North Coast R. Co. v. Aumiller, 61 Wash. 271, 112 P. 384; State v. Hoquiam, 155 Wash. 678, 286 P. 286, 287 P. 670.

[11] See footnote 1.

because of violations of price orders and regulations, under the Emergency Price Control Act of 1942, 56 Stat. 33, 50 U.S.C. A.Appendix, § 925. The court found that between November 19, 1943, and January 31, 1944, sales of southern pine lumber were made, not for use or consumption by the buyer, in which excess prices were charged in violation of price orders and regulations in an amount of $3,342.65; but that the violations were not wilful. An injunction was granted but damages were denied. From the portion of the decree denying damages this appeal is taken.

The claim for damages arises under Section 205(e) of the Act, especially under the words: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer is not entitled to bring suit or action under this subsection, the Administrator may bring such action under this subsection on behalf of the United States". Under preceding words the buyer may sue only when he buys for use or consumption. The law so standing at the date of the decree, the court erred in not giving a judgment in favor of the Administrator. Wilfulness in violation is made a necessary ingredient for criminal punishment under Section 205(b). It is not made necessary in the civil suit. When an excess in price is charged the damage is done, and the excess must·be repaid, tripled in order to prevent recurrence. The court has no discretion, as it has with reference to the grant of an injunction, to withhold the damages.

Since the date of the decree Section 205(e) has been amended so as to provide a partial defense, "If the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilfull nor the result of failure to take practicable precautions against the occurrence of the violation." Stabilization Extension Act of 1944, § 108(b), 50 U.S. C.A.Appendix, § 925(e). This provision we hold to be applicable both to suits by the buyer and those by the Administrator. The burden is on the defendant to show both an absence of wilfulness, and the presence of care to prevent the occurrence of violations. The finding in this case that there was no wilfulness is not enough. The amendment is by Section 108(c), 50 U.S.C. A.Appendix, § 925 note, expressly made applicable to pending suits by the Administrator which could not have been brought by the buyer; so we must apply it here. But for the reason just stated the facts found are not sufficient to sustain the new defense; nor would the defense if sustained defeat all recovery. There must be a reversal and a remand for further proceedings. Bowles v. American Stores, 78 U.S.App.D.C. 238, 139 F.2d 377; Bowles, Adm'r v. Franceschini et al., 1 Cir., 145 F. 2d 510.

Reversed.