**BOWLES, Price Administrator, v. VANCE.**
**Civil Action No. 4223.**

District Court, W. D. Pennsylvania.

Feb. 26, 1946.

648

Robert B. Greer and Thomas F. Garrahan, both of Pittsburgh, Pa., for plaintiff.

Louis Z. Marohnic, of Pittsburgh, Pa., for defendant.

` GOURLEY, District Judge.

Chester Bowles, Administrator, Office of Price Administration, filed action for an injunction and damages against Jessie Vance because of violations of Section 4(a) of the Emergency Price Control Act of 1942, as amended by the Stabilization Extension Act of 1944, 50 U.S.C.A.Appendix § 901 et seq. It was more particularly claimed that the defendant violated the Rent Regulations for Housing in the Pittsburgh Defense-Rental Area (8 Fed.Reg. 14663) issued under the authority vested in the Administrator in accordance with Section 2(b) of the Act, and pursuant to Section 205(a) of said Act.

The case was tried before a jury who, under proper instructions from the court, made specific findings of fact that the actions of the defendant in making the overcharges for rent were not willful, but they were the result of failure to take practicable precautions.

On the basis of the findings of fact made by the jury, the court directed the entry of judgment against the defendant for either three times the amount of the overcharge, or for the amount of fifty dollars, whichever amount was the greater.

The defendant has filed a motion to strike off the judgments which have been entered for each specific overcharge, and the total judgment which comprises the four separate overcharges; and contends in connection therewith that although the defendant failed to exercise the practicable precautions intended by the law, the court in its discretion should not have entered judgment for treble damages or fifty dollars, which ever was the greater.

From the evidence introduced at the trial and for the purposes of determining the instant motion, it appears that the defendant was the owner of an apartment house which had available accommodations for four different families. In one instance the defendant petitioned the Office of Price Administration for authorization to increase the rental being charged for one of the four apartments, and set forth in the petition her desire to file a petition for the rental increase of the other three apartments at a later date.

Authorization was given to increase the rental for the apartment referred to in the petition from $52 a month to $53 a month but, notwithstanding this fact, the defendant charged $55 a month for the apartment.

The defendant endeavored to justify her actions by claiming that she had talked with a representative in the Office of Price Administration who had advised her in substance that it was satisfactory to make the additional increases in rental charges for the apartment although the exact amount was not stated.

The defendant did not press her demands with the Office of Price Administration for the increase in monthly rental values of the other three apartments, and no authority was, therefore, granted by the Office of Price Administration in connection therewith.

Notwithstanding this fact, the defendant charged and received in excess of the maximum legal rents permitted for the four apartments as follows:

No authorization was given to make the increased rental charges by the Office of Price Administration in any of the above cases, and in connection with Item A, an authorization was given to increase the monthly rental from $52 a month to $53 a month, although the defendant charged $55 a month.

The actions of the defendant in making the overcharge were explained by her testimony that she had presented the matters to a representative of the Office of Price Administration, who had suggested to her that additional rentals could be charged, although the amounts were not definitely stated.

The defendant's conversation with the representative of the plaintiff was premised on the fact that she was furnishing services, privileges and facilities connected with the use and occupancy of the apartments that had not been formerly given.

Objection was made by the government to this testimony at the time of trial, which objection was overruled, the testimony being admitted by the court solely for the purpose of assisting the jury in their deliberation as to whether or not the actions of the defendant were willful, or the result of failure to take practicable precautions. Also the representative of the government was called and denied that such a conversation was held by the defendant with him.

■ The court also specifically instructed the jury that a person is not entitled to rely upon unofficial oral advice given by subordinate officials in the Office of Price Administration. At first blush, this may seem harsh but obviously the Administrator cannot be bound by various oral interpretations which happen to be made by his hundreds, perhaps thousands, of employees in violation of regulations. The Administrator has prescribed a reasonable procedure by which persons subject to the regulations may obtain official interpretations or information by which all will be bound and, therefore, an individual who sells merchan-

| Tenants | Legal Maximum Rent | Monthly Charge Made | Monthly Over-charge | Period | | Total Over-charge |
|---|---|---|---|---|---|---|
| A. Harry Siegal | $53.00 | $55.00 | $2.00 | 5½ | mos. | $11.00 |
| B. Margaret Mullaney | 40.00 | 45.00 | 5.00 | 4 | mos. | 20.00 |
| C. Edward Balmer | 53.00 | 55.00 | 2.00 | 2 | mos. | 4.00 |
| D. R. C. Nicol | 52.00 | 55.00 | 3.00 | 1 | mo. | 3.00 |

dise is not entitled to rely on unofficial interpretations. Wells Lamont Corp. v. Bowles, Price Administrator, Em.App., 149 F.2d page 364; Utah Power & Light Co. v. United States, 243 U.S. page 389, 37 S.Ct. 387, 61 L.Ed. 791.

The question, therefore, arises as to the maximum recovery which should be allowed, and if the court should alter, modify or amend its original order directing the entry of judgment against the defendant.

At the time that the order was presented to the court for the entry of judgment against the defendant, it was represented to the court by counsel for the government that the case of Bowles v. Krasno Bros., D.C., 59 F.Supp. 581, was the recognized authority which governed cases of this nature. Furthermore, counsel for the defendant presented no authority which held to the contrary, and it appears that this was the first rent case which had been tried in this judicial District.

In the Bowles v. Krasno case the Court held "where violations of maximum price ceiling * * * were not willful, but it appeared that [the defendant] *had not taken practicable precautions* against the occurrence of the violation, District Court had no discretion but was required to order treble damages, or the amount of $50.00, whichever was the greater."

However, since the trial, the court has made an extensive research in connection with this phase of the law, and has found that the weight of authority expresses a contrary view.

Section 205(e) of the Emergency Price Control Act of 1942, as amended by the Stabilization Extension Act of 1944, 50 U.S.C.A.Appendix § 925(e), reads as follows:

"(e) If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. In such action, the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is the greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as

the court in its discretion may determine; or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine: Provided, however, That such amount shall be the amount of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilfull nor the result of failure to take practicable precautions against the occurrence of the violation."

■ It is the duty of the defendant, however, to prove by a preponderance of the evidence that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violations. If the defendant proves each of these facts, then the amount of the recovery can only be the overcharge or $25, whichever is greater. Bowles v. Goebel, D.C., 58 F.Supp. 686.

■ The success of the war against inflation is dependent upon the patriotic cooperation of all persons to whom it is applicable, and the court should not consider the controversy as existing merely between an agency of the government and a defendant. Brown v. Hecht Co., 78 U.S. App.D.C. 98, 137 F.2d 689, 695; Henderson v. C. Thomas Stores, D.C., 48 F.Supp. 295, 301.

■ The Administrator does not carry the sole burden of the war against inflation, and the Courts should not, therefore, administer any part of the Act grudgingly. It should be administered by the courts with their due share of responsibility, and the discretion permitted to be exercised by the courts should be in the light of the large objectives of the Act. "That of all the consequences of war" and now our period of post-war readjustment, "inflation is the most destructive." Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 592, 88 L.Ed. 754; Bowles v. Montgomery Ward & Co., 7 Cir., 143 F.2d 38.

■ Even if the actions of the defendant in this case were entirely innocent, or if she had agreed to repay any rental received in excess of the legal maximum rent, she would have only been entitled to a reduction in the judgment to the amount of the overcharge or $25.00, whichever is the greater. For lack of willfulness *without consideration of failure to take practicable precautions* only justifies a reduction to the amount of the overcharge, and does not

afford complete immunity to the violator. Bowles v. Holliday, D.C., 62 F.Supp. 486.

■ In the enforcement of the Price Control Act, the Court should, therefore, exercise its discretion in the light of the standards of public interest. If the public interest is to be protected and the statute is to have its full and proper deterring effect on prospective wrongdoers, a defendant must be discouraged from failure to comply by the imposition of an appropriate penalty. Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754.

■ Therefore, it is the opinion of this Court that under the Emergency Price Control Act as amended, recovery against a defendant for charging excess rentals should be limited to the amount of the overcharge only where the defendant sustains the burden of proving that the violation was neither willful nor the result of failure to take practicable precautions, and, in event the defendant has failed to sustain said burden, recovery should not be less than the overcharge and not more than three times the overcharge, or not less than $25 nor more than $50, whichever is the greater. Bowles v. Goebel, D.C., 58 F.Supp. 686; Bowles v. Krodel, 7 Cir., 149 F.2d 398; Bowles v. Hasting, 5 Cir., 146 F.2d 94; Bowles v. Ammon, D.C., 61 F. Supp. 106.

■ Since in this case the defendant has proven that her actions were not willful but she failed to prove that the practicable precautions intended by the Act were exercised, the Court believes that the maximum penalty provided by the Act should not be imposed. There must be some distinction made in the imposition of the penalty where the actions were both willful and without the exercise of practicable precaution, and where the actions were only the result of failure to exercise practicable precautions. Bowles v. Hasting, 5 Cir., 146 F.2d 94.

The Court, therefore, revokes the order made on December 24, 1945, and hereby directs the Clerk of Courts to strike off the judgment entered in favor of Chester Bowles, Administrator, Office of Price Administration of the United States of America, and against Jessie Vance, defendant, for $210 with costs.

No objection has been made by the defendant to the granting of an order for injunctive relief and, hence, no comment has been made pertaining to this phase of the case.

The Court, therefore, substitutes in lieu of the order dated December 24, 1945, the following:

Damages are liquidated for the four separate violations committed by the defendant in making overcharges for rent as follows:

| Tenant | Total Overcharge | Damages |
| --- | --- | --- |
| Harry Siegal | $11.00 | $37.50 |
| Margaret Mullaney | 20.00 | 45.00 |
| Edward Balmer | 4.00 | 37.50 |
| R. C. Nicol | 3.00 | 37.50 |

A judgment in the amount of $157.50 is entered in favor of Chester Bowles, Administrator, Office of Price Administration of the United States of America, and against Jessie Vance, defendant, with costs to be taxed against the defendant.

The defendant, Jessie Vance, is furthermore enjoined and restrained from demanding and receiving rents in excess of those permitted under the Rent Regulation for Housing, and from otherwise violating the Rent Regulation for Housing.