## Aulenbrock v. Stoner.

May 20, 1947.

Eugene Hubbard, Judge.

Ben H. Morris for appellant.

Ellis E. Blake for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This action was brought in Jefferson Circuit Court by J. L. Stoner against N. F. Aulenbrock to recover damages under the Emergency Price Control Act of 1942, 50 U. S. C. A. Appendix, sec. 925(e), for rental

charges exceeding the OPA ceiling price. This Act provides for recovery of damages by the purchaser (or tenant) for the overcharge. The pertinent part of the Act is as follows: "* * * In such action, the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is the greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine: *Provided, however,* that such amount shall be the amount of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that the violation of the regulation, order, or price schedule in question was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation. * * *"

Aulenbrock filed a general denial and also a counterclaim for alleged destruction of his property. The court, at the conclusion of the evidence, sustained a motion for a peremptory instruction dismissing the counterclaim and gave a peremptory instruction in favor of Stoner for $50 per month for nine months, or $450, and $150 as reasonable attorney's fee. Only the $450 was incorporated in the judgment, the decision as to the counterclaim was not appealed from, and a motion for an appeal was made in this Court. This motion is sustained, because we think the judgment must be reversed.

Aulenbrock contends that lack of notice of the reduction constitutes a complete defense to the action by Stoner and that the question of whether or not he had notice should have been submitted to the jury. He also contends that the court erred in allowing $50 for each month the overcharge was made. Stoner, in a proper case, would be entitled to $50 for each month of the overcharge, Gilbert v. Thierry, D. C., 58 F. Supp. 235, affirmed 1 Cir., 147 F. 2d 603, so we will confine our opinion to a consideration of the question of notice.

Aulenbrock owned a four room house at 1635 Prentice Street in Louisville. In November, 1942, this property was registered with the OPA and the rental value was fixed at $21 per month. A Mrs. Mary Hargrove

had rented this house prior to the occupancy by Stoner and she made complaint to the OPA about the condition of the property. Mrs. Hargrove moved out of the property the latter part of March, 1943. Before she moved she received notice that the rental ceiling had been reduced to $5 per month. She left this notice with the Olivers, who lived next door. Stoner contacted Aulenbrock and rented the house on March 29, 1943, moving in sometime in the early part of April. Shortly after he moved in, the Olivers gave him the notice which had been left with them regarding the reduction of the rental ceiling. Stoner paid the defendant, Aulenbrock, $21 per month for a period of nine months while the rental ceiling was $5 per month.

It was stated by Ralph Logan, chief rent attorney for OPA, that the notice of rental ceiling reduction on this property was mailed to the tenant and to Aulenbrock at his old address. Mr. Logan admitted he did not mail the notice but that a stenographer or clerk in the office mailed it and stamped an affidavit on the record showing it was mailed to the tenant. There was no such affidavit as to the mailing to Aulenbrock. Aulenbrock testified that he had never received notice that there was a reduction on the rental ceiling of this property, and that he was out of town during most of this period.

Under the terms of the Act, lack of notice would not afford complete immunity to the violator, but it would be evidence to show lack of willfulness which would limit the recovery to the amount of the overcharge. Bowles v. Vance, D. C. Pa. 1946, 64 F. Supp. 647.

The court should have presented to the jury the question as to whether the violation was willful or the result of failure to take practicable precautions against the occurrence of the violation. If the jury determines in favor of Aulenbrock, the recovery should be limited to the actual overcharges, and if it finds for Stoner, the recovery should be for the full amount.

The judgment is reversed, with directions to set it aside and for proceedings consistent with this opinion.