CREEDON, Housing Expediter, v. OLINGER.

No. 12164.

United States Court of Appeals
Fifth Circuit.

Dec. 3, 1948.

Howell C. Happ, Regional Rent Atty. OHE, and J. Edwin Fleming, Lit. Atty. OHE, both of Dallas, Tex., and Nathan Siegel, Sp. Lit. Atty. OHE, and Francis X. Riley, Lit. Atty. OHE, both of Washington, D. C., for appellant.

John A. Erhard, of Dallas, Tex., for appellee.

Before HOLMES, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

The Expediter filed suit against the defendant for overcharges of rent in violation of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq. In his complaint he alleged that the defendant, as owner and landlord of housing accommodations in the Dallas Defense-Rental Area, viz., Windsor Apartments Nos. 6, 7, 8, and 11, and Summit Apartment No. 5, both buildings on Ross Avenue, Dallas, Texas, was demanding and receiving rent for those units in violation of the Rent Regulation for Housing, in that for the period from August 1, 1946, to January 30, 1947, she had demanded and received $698.30 in excess of the legal maximum rent established for the apartments. By way of relief, he prayed for an injunction and restitution pursuant to § 205(a), and statutory damages pursuant to § 205 (e). The night before the trial, restitution was made to the tenant occupying Windsor Apartment No. 7, and the rent for that apartment is no longer an issue in this case. With respect to the remaining apartments, the trial resulted in a judgment ordering restitution in the sum of $70 to be made to the tenant occupying Windsor Apartment No. 11, but in all other respects the prayer of the complaint was denied. From this judgment, the Expediter prosecuted this appeal.

The undisputed evidence shows that during the period in question:

The ceiling rental on Windsor Apartment No. 6 was $57.50 per month, and that the tenants who occupied it paid $75 per month.

The ceiling rental on Windsor Apartment No. 8 was $57.50 per month, and that

the tenant who occupied it paid $90 per month.

The ceiling rental on Windsor Apartment No. 11 was $55 per month, and that the tenant who occupied it paid $90 per month.

The ceiling rental on Summit Apartment No. 5 was $60 per month, and that the tenant who occupied it paid $75 per month.

In its findings, the court below found that rent in excess of the ceiling prices had been demanded by the defendant and paid by the tenants, but recovery was denied with the one exception of $70 to the tenant occupying Windsor Apartment No. 11. It was denied apparently for the reason that refrigerators had been furnished by the defendant to some of the tenants, air-conditioning had been made possible by the defendant to others, and at times during the period in question relatives and friends had visited certain of the tenants and during the visit occupied the apartments with them. The court doubtless felt that the equities created by such a situation entitled defendant to charge, as a matter of reciprocity, above the ceiling price, for in its opinion the court below said:

"It is the business of the courts to try to discover the just way and from an impartial attitude to see where the right is."

If the situation was such as to entitle the defendant to an increase in the rent with respect to any or all of the apartments, this was a matter with respect to which the Administrator and not the court below had jurisdiction. As pointed out by this court in Bowles v. Lake Lucerne Plaza, 5 Cir., 148 F.2d 967, 969, certiorari denied, 326 U.S. 726, 66 S.Ct. 31, 90 L.Ed. 430:

"The Price Administrator, under the provisions of the Emergency Price Control Act, is authorized to establish defense rental areas and to prescribe the maximum rents for housing accommodations within such areas, Sec. 2(b), 50 U.S.C.A.Appendix, § 902(b). Any person subject to any regulation or order establishing maximum rents may file a protest with the Administrator, setting forth his objections thereto, Sec. 203, 50 U.S.C.A.Appendix, § 923. Should his protest be denied in whole or in part, the protestant may file a suit in the Emergency Court of Appeals, Sec. 204(c), 50 U.S.C.A.Appendix, § 924 (c), to modify or set aside the order or regulation; and under Section 204(b) judicial relief may be granted if the order or regulation is arbitrary or capricious or not in accordance with the law. Judicial relief, however, is vested solely in the Emergency Court of Appeals and the Supreme Court upon review of Judgments of that court; no other court has power or jurisdiction to enjoin, set aside, or consider the validity of any such order or regulation, Sec. 204(d)."

The principle set forth in that decision governs the case at bar. Neither this court nor the court below has jurisdiction to consider the validity of an administrative officer's order or his inconsistency or arbitrariness in fixing the rent ceiling for the apartments owned by the defendant. Her remedy was in the Emergency Court of Appeals, and, while the Emergency Price Control Act expired by its terms on June 30, 1947, defendant still may have a judicial review of any administrative order or refusal to act. § 204(e). Standard Kosher Poultry Co. v. Clark, Em. App., 163 F.2d 430; 150 East 47th Street Corp. v. Creedon, Em.App., 162 F.2d 206.

Since the undisputed evidence clearly discloses overcharges during the period alleged in the complaint, judgment for at least the amount of the overcharges must be granted in favor of the Expediter or, by way of restitution, to the tenant. "When an excess in price is charged the damage is done, and the excess must be repaid, tripled [where willfulness is shown] in order to prevent recurrence. The court has no discretion, as it has with reference to the grant of an injunction." Bowles v. Hasting, 5 Cir., 146 F.2d 94, 95.

The judgment appealed from is reversed, and the cause is remanded for further and not inconsistent proceedings.

Reversed and remanded.