## Seligsohn v. Hoffman

*A. Blieden,* for plaintiff.

*A. S. Segal,* for defendant.

WINNET, J., December 7, 1948. — Plaintiff has brought suit under the Emergency Price Control Act of 1942 to recover excess rental charged by defendant for a third-floor apartment of premises 5032 Germantown Avenue, Philadelphia. The complaint seeks not only the overcharge of $10 per month but also treble damages and reasonable attorney's fee in accordance with the provisions of the act. Defendant admits liability for a 10-month overcharge but resists payment of the penalty and attorney's fee.

The suit was in assumpsit. The first objection raised by defendant was to the form of the action. The motion judge overruled the objection. At the trial of the cause defendant again raised the question of the form of the action. We cannot sit in judgment on the decision of a colleague of this court. Suffice it to say that Byers v. Olander, 161 Pa. Superior Ct. 165, would clearly indicate that the action should have been in trespass. The court says, p. 168:

"In this case the relationship of the parties as lessor and lessee was contractual. But defendant's liability upon breach of a rent regulation was created by Act of Congress and not by any agreement of the parties, either express or implied. In a sense the provision of the Act may be considered remedial, as appellant contends, but it does more than provide a remedy for a loss sustained; it imposes treble damages, or the equivalent, as a penalty on a landlord for collecting rent in excess of the allowable maximum."

The question was directly involved in Porter v. Arnold et ux., 63 D. & C. 109, and in a learned opinion

by Judge Sweney it was held that the proper action is in trespass.

Since only delay would result in requiring plaintiff to start a new suit, we have treated the suit as if it were in trespass. Even an amendment would be only surplusage at this time. Accordingly we did not limit defendant in his answer to defenses to the complaint since in an action of trespass defendant would not have been required to file an answer.

The first of such defenses is the running of the statute of limitations. Section 205 of the Emergency Price Control Act of 1942, as amended *, provides that suit to recover the amount provided may be brought in any court within one year after the date of such violation.

Plaintiff's evidence indicated that on August 1, 1946, he rented the premises at a monthly rental of $40. As a result of the proceedings before the rent director, it was determined that the maximum rent was $30 per month effective September 1, 1946, and an order was issued requiring defendant to refund all excess within 30 days. This order is dated June 26, 1947. Defendant made no refund and plaintiff brought suit on June 15, 1948, to recover the amount of the excess,

---

* "Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed under Section 204 shall be liable to the person from whom he demands, accepts, or receives such payment, for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amount of (1) $50.00, or (2) three times the amount by which the payment or payments demanded, accepted, or received exceed the maximum rent which could lawfully be demanded, accepted, or received, whichever in either case may be the greater amount: PROVIDED, That the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation. Suit to recover such amount may be brought in any Federal, State, or Territorial Court of competent jurisdiction within one year after the date of such violation. . . ."

plus the penal damages and attorney's fee. Defendant, while admitting liability for the overcharge, contends that since the last rent was accepted on June 1, 1947, it constituted the last violation and therefore suit should have been brought within one year thereafter. We cannot accept this contention. On June 26, 1947, it was officially determined that there was an excess rental being charged on the premises. Defendant was given 30 days to refund it. There could have been no default on the part of defendant until June 26, 1947. Plaintiff could, and did, bring suit within one year thereafter. The exact point was involved in Woods v. Stone, 333 U. S., 472. There, as in this case, "He was ordered to refund the excess. He now contends that he can keep all of it that he collected upwards of a year before the action was commenced, upon the ground that the one-year statute of limitations runs, not from the date of his default in obeying the refund order, but from the date of each collection of rental. We cannot sustain his contention. . . . The cause of action now does not rest upon, and hence cannot date from, mere collection. . . . It was from the violation which occurred when the order was not obeyed within the required time that the statute of limitations commenced to run".

The only remaining contention of defendant is that there is no evidence that the order was wilfully disobeyed by defendant and consequently the penalty should not be imposed. The express provision of section 205 is that the amount of liquidated damages shall be the amount of the overcharge *if defendant proves* that the violation was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation. This section was interpreted in Bowles v. Vance, 64 F. Supp. 647, 650, where the court said:

"It is the duty of the defendant, however, to prove by a preponderance of the evidence that the violation was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violations."

Defendant has offered no proof whatsoever in the case. Whatever inference can be drawn from the testimony must be against defendant. Although the order of the rent director was made on June 26, 1947, defendant did not comply with the order. Plaintiff was compelled to bring suit. In the answer he filed he denied any liability. At the trial although there was an admission of liability for the overcharge, no tender was made. Defendant, therefore, has not discharged his duty to prove that the violation was neither wilful nor the result of failure to take practicable precautions. If anything, his conduct gives rise to an inference that the violation was wilful.

Although this is a suit between two private parties the public interest cannot be overlooked. If the statutes which were enacted to prevent inflation are to be given full effect, the penal provisions should not lightly be disregarded by a court. These statutes must be so interpreted that they shall have a deterring effect on prospective wrongdoers: Hecht Co. v. Bowles, 321 U. S. 321. In addition it is desirable to give overcharged consumers the incentive to sue so as to elicit their coöperation in discouraging price violations: Everly v. Zepp et al., 57 F. Supp. 303. This is the obvious intent of the penal provision of this section of the act.

The court accordingly finds for plaintiff. The amount of the overcharge was $100, representing 10 months at the rate of $10 per month. Damages are assessed at three times the amount or $300, plus counsel fee of $100, or the total sum of $400.