## WOODS v. HAYDELL et al.

### No. 12535.

United States Court of Appeals
Fifth Circuit.

Dec. 16, 1949.

Ed Dupree, General Counsel, Hugo V. Prucha, Asst. Gen. Counsel, Francis X. Riley, Sp. Litigation Atty., Office of Housing Expediter, Washington, D. C., J. Edwin Fleming, Lit. Atty., H. C. Happ, Reg. Atty., Dallas, Tex., for appellant.

P. C. Del Barto, Houston, Tex., for appellees.

Before HOLMES, McCORD, and WALLER, Circuit Judges.

**WALLER, Circuit Judge.**

In this suit against a married woman the Expediter sought restitution and damages under the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., and an injunction pursuant to the Housing and Rent Act of 1947, 50 U.S.C.A. Appendix, § 1881 et seq. When, to this action, the lessor pleaded coverture, the complaint was amended to include the husband, in conformity with the statutes of Texas.

■ Prior to May 18, 1945, the lawful rent was $8.00 per week; on this date it was ordered reduced to $3.25 per week. The Court found that, nevertheless, $8.00 per week was, contrary to the reduction order, collected from all tenants except one, from whom $6.00 per week was collected. The Expediter herein seeks damages, retroactively, for overcharges collected prior to the reduction order. This cannot be done. Neither damages nor overcharges can be lawfully assessed against a landlord for having collected rent which, when collected, was lawful. The Expediter is not entitled to collect as overcharges or damages rents lawfully fixed and collected prior to the reduction order. A reduction order, standing alone, does not make unlawful that which was lawful at the time it was done.

■ Although the lower Court found that overcharges in excess of $2,000.00 had been collected, he allowed a recovery by the Expediter of only $147.25. We think this was error. Whenever it is determined that there has been an overcharge, damages for the full amount of such overcharges should be awarded. Bowles v. Hasting, 5 Cir., 146 F.2d 94; Creedon, Expediter v. Olinger, 5 Cir., 170 F.2d 895. In this case the judgment should have been for all overcharges found to have occurred after the reduction order of May 18, 1945, even though the overcharges were non-willful and not caused by the failure on the part of the landlord to exercise due care.

■ The judgment rendered was against both husband and wife. This, too, was error under Article 1985, Vernon's Civil Statutes, which provides: "The husband shall be joined in suits for separate debts and demands against the wife, but no personal judgment shall be rendered against the husband."

The judgment is reversed and remanded for further and not inconsistent proceedings.

Reversed and remanded.