**YELVINGTON v. UNITED STATES.**

No. 3972.

United States Court of Appeals
Tenth Circuit.

Dec. 22, 1949.

Oliver H. Hughes, Wichita, Kan., filed a brief for appellant.

Robert E. Shelton, U. S. Atty., and Haskell B. Pugh, Asst. U. S. Atty., Oklahoma City, Okl. filed a brief for the United States.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

Yelvington filed a motion under 28 U.S. C.A. § 2255 to correct a judgment and commitment.

An indictment was returned against Yelvington and five others. It contained eight counts. Counts 1, and 3 to 7, inclusive, charged violations of 18 U.S.C.A. § 408 [now §§ 2311–2313], and the eighth count charged a violation of 18 U.S.C.A. § 88 [now § 371].[1] He was convicted on counts 1, and 3 to 8, inclusive. That part of the judgment material here reads as follows: "It is thereupon by the Court here considered, ordered and adjudged that the defendant, Jack Yelvington, for the offenses by him committed, as charged in the first and third counts of the indictment, be committed to the custody of the Attorney General for imprisonment in an institution of the type to be designated by the Attorney General or his authorized representative for the period of five (5) years from date of delivery, on each of said counts, or until released by due process of law. It is further ordered that said sentences of confinement herein shall run consecutively."

On each of counts 4 to 8, inclusive, imposition of sentence was suspended and he was placed on probation, to commence upon his release from the sentences of imprisonment imposed under counts 1 and 3.[2]

The motion was to modify the judgment and the commitment to show that the sentences of imprisonment were to run concurrently. The trial court denied the motion.

1. Yelvington was not named in count 2.

2. The court reporter's transcript of the language of the court in imposing sentence, in part, reads: "It is the judgment of the court that you be sentenced on the

The judgment is clear and definite. It makes it plain that the sentences are to run consecutively. See United States v. Daugherty, 269 U.S. 360, 363, 46 S.Ct. 156, 70 L.Ed. 309; Gillenwaters v. Biddle, 8 Cir., 18 F.2d 206, 207.

Affirmed.

first count to 5 years in the custody of the Attorney General; on the third count 5 years in the custody of the Attorney General, to run consecutively, making a total of 10 years."