**HART v. HUNTER, Warden, et al.**

**No. 1435.**

United States District Court. D. Kansas.

Feb. 23, 1950.

No appearances by counsel for the petitioner or the respondent.

MELLOTT, Chief Judge.

There has been lodged with the clerk of this court a petition for a writ of habeas corpus, together with an application for leave to proceed in forma pauperis. There have also been transmitted to the clerk of

this court, in a letter appearing to have been written by the petitioner, three exhibits which petitioner states he wishes be "filed in conjunction with the petition for writ of Habeas Corpus." The exhibits referred to are: (1) transcript of the proceedings before the sentencing court at the time of sentence; (2) transcript of the proceedings in connection with the ruling by the sentencing court upon a motion under Title 28 U.S.C.A. § 2255; and (3) copy of a letter from an assistant United States Attorney.

The petition indicates that the petitioner is a prisoner in custody of the Warden of the United States Penitentiary at Leavenworth, Kansas, being held under sentence of the United States District Court for the District of Iowa. The petitioner apparently claims the right to be released from custody upon the ground that the sentence under which he is being held was imposed in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

Under the provisions of § 2255, supra, a prisoner in custody under sentence of a court of the United States, claiming the right to be released from custody upon any of the aforementioned grounds, is given the right to move the court which imposed the sentence to vacate, set aside or correct the sentence. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there had been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court is required to vacate and set the judgment aside and discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate. When such a motion is filed, the sentencing court determines the issues raised, makes findings of fact and conclusions of law with respect thereto, and an appeal may be taken to the court of appeals from the order entered as from a final judgment on application for a writ of habeas corpus.

The petition lodged with this court indicates that a motion was filed with the sentencing court by the petitioner herein which was determined adversely to him. A succinct statement of what thereafter occurred —which incidentally is a fair summarization of the petition now lodged with the clerk of this court—is contained in a per curiam opinion of the Court of Appeals for the Eighth Circuit in Hart v. United States, 178 F.2d 357, 358, reading as follows:

"This is an appeal in forma pauperis from an order denying a motion of the defendant (appellant), made pursuant to § 2255, Title 28 U.S.C.A., to vacate a sentence of imprisonment.

"On September 19, 1947, the defendant appeared in the District Court, and, after waiving indictment and the right to be represented by counsel, entered a plea of guilty to an information which, in seven counts, charged him, under § 317, Title 18 U.S.C.A. (now § 1708, Title 18 U.S.C.A.), with five thefts of mail matter, and, under § 73, Title 18 U.S.C.A. (now § 495, Title 18 U.S.C.A.), with two forgeries of endorsements on Government obligations. The maximum term of imprisonment which might have been imposed for the offenses charged was forty-five years. The court sentenced the defendant to a total of ten years imprisonment.

"On June 15, 1949, the defendant filed a motion to vacate his sentence on the grounds: (1) that at the time he entered his plea of guilty he was not represented by counsel and did not competently waive his right to counsel; (2) that his plea was induced by fear and persuasion; (3) that he was not advised by the court of his legal rights; (4) that he was not given an opportunity to make a statement in his own behalf or to present information in mitigation of punishment; and (5) that he was denied a fair trial.

"The District Court granted the defendant leave to prosecute his motion in forma pauperis, but denied his requests to be brought before the court and for the appointment of counsel to present his motion. After a hearing, the District Court, on June 25, 1949, entered an order denying the motion upon the ground that the official tran-

script of the proceedings had in open court at the time of the defendant's arraignment and plea demonstrated conclusively that there was no basis for granting the motion. This appeal followed.

"While counsel appointed by this Court to represent the defendant on appeal has made a skillful and vigorous presentation of the defendant's contentions as to a lack of procedural due process, we are satisfied that the District Court reached a correct conclusion. The record demonstrates that the appellant was fully advised of his legal rights, that he voluntarily waived indictment and the right to be represented by counsel, and entered a plea of guilty. After the defendant had entered his plea, the Assistant United States Attorney made a detailed statement to the court of the facts relative to the offenses with which the defendant was charged and as to his previous criminal record. After this recital, the defendant was asked by the court whether he had anything to say about the matter. His reply was, 'No, sir.' The defendant does not now assert that he was innocent of the crimes charged in the information.

"The record also shows that the defendant was not unfamiliar with court procedure. He had been sentenced for burglary, at St. Cloud, Minnesota, and was, at the time of his arraignment, on parole from the Iowa State Penitentiary, to which he had been sentenced by a State court for a term of ten years for breaking and entering.

"The order appealed from is affirmed."

■ Apparently petitioner is of the opinion that this court should grant a writ of habeas corpus and have him produced before it to try the very matters and things submitted to the sentencing court and to the Court of Appeals. In this the petitioner is clearly in error. This court is not an appellate tribunal and has no power to set aside the ruling of the sentencing court or to review the action of the Court of Appeals.

■ Section 2255, supra, provides that an application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to that section, shall not be entertained (by a court such as this) if it appears that the court which sentenced him has denied him relief under the motion "unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention.*" (Emphasis supplied.) A mere allegation in a petition for a writ of habeas corpus that the sentencing court had refused or declined to grant the relief requested in and by such motion, or, as set out in the petition now before the court, that the section "has proven inadequate and ineffective to test the legality of his detention inasmuch as petitioner has not been given the opportunity to appear in Court personally and by counsel and offer evidence [in support of his motion] not inconsistent with the record in proof of his allegations," falls far short of establishing that the remedy by motion is inadequate or ineffective to test the legality of petitioner's detention.

■ Several recent decisions by the Court of Appeals for this (the Tenth) Circuit impliedly support the conclusion this court has indicated it must reach—viz., that it should decline to entertain the present petition. Among others are:—Cherrie v. United States of America, 179 F.2d 94; Yelvington v. United States of America, 178 F.2d 915; Pulliam v. United States of America, 178 F.2d 777; and Kinney v. United States of America, 177 F.2d 895. Just a week ago the question now before the court was considered by all of the judges of the Court of Appeals for this Circuit, in Barrett v. Hunter, Warden and Rutledge v. Hunter, Warden, 180 F.2d 510 a majority (four of the five sitting) holding that § 2255 affords a prisoner a remedy which is the equivalent of that afforded in a conventional habeas corpus proceeding; that the section is not unconstitutional; that limiting the "right to the remedy to the sentencing court," except as provided in the section, is "not a suspension of the writ [of habeas corpus];" that the section, as construed by the court, "preserves the essentials of the remedy afforded by the great writ of freedom, effecting change in procedure only and lessening opportunities for abuse of the writ"; and that it should be followed by a court such as this.

For the reasons indicated, the court declines to entertain the present petition or to grant a writ of habeas corpus; but it does not otherwise rule upon the validity or sufficiency thereof.