JACKSON v. WOODS, Housing Expediter.
WOODS, Housing Expediter, v. JACKSON.
Nos. 12948, 12955.

United States Court of Appeals
Fifth Circuit.
May 17, 1950.

Ivan Irwin, Dallas, Texas, for appellant and appellee.

Ed Dupree, Gen. Counsel, Hugo V. Prucha, Asst. Gen. Counsel, Benjamin I. Shulman, Sp. Litigation Atty., Francis X. Riley, Sp. Litigation Atty., Office of Housing Expediter, Washington, D. C., for appellee and appellant.

Before HOLMES, WALLER and BORAH, Circuit Judges.

WALLER, Circuit Judge.

The Expediter, as plaintiff, prayed for an injunction restraining defendant from charging, or accepting, rent in excess of the maximum legal rent permitted and "that the Defendant be required and directed to restore to the tenants, or in the alternative to pay to the Treasury of the United States, all of the rent overcharges resulting from the collection of more than the maximum legal rent."

[1] In Case No. 12948 the landlord appeals from a decree of the Court below requiring her to make restitution to certain named tenants in the total sum of $782.30. The chief ground of her appeal is the failure of the Court to sustain her motion to dismiss because the alleged violations occurred more than one year prior to the bringing of the suit; and that even

though in an equitable action for injunction and restitution the statute of limitations is not applicable, nevertheless, after the expiration of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., the Court was without jurisdiction to decree restitution. We think that the Court below did not err in refusing to sustain the defendant's motion to dismiss. It is our conclusion that under the appropriate saving clauses of the statutes[1] the right of the Court to entertain an injunction suit and to grant the incidental[2] relief of restitution had not expired at the time of the filing of the suit, and that the statute had not run against the equitable action for injunction, with the right of adjunctive restitution, even though the overcharges in question had accrued prior to one year before the suit was filed. See Creedon v. Randolph, 5 Cir., 165 F.2d 918; Co-Efficient Foundation v. Woods, 5 Cir., 171 F.2d 691.

The United States has a separate appeal (Case No. 12955), in the nature of a cross appeal, wherein the only error assigned is the failure of the Court to grant restitution for the full amount of the overcharges paid by the tenant, Lacey, which appears to have been $305.19. However, the Court allowed restitution for only $162.00.[3] It also found that the defense interposed, to the effect that Lacey had carried on a business in the premises in question and that same was not a housing accommodation, was without merit.

■■ This Court has held in Creedon v. Randolph, supra; Creedon v. Olinger, 5 Cir., 170 F.2d 895; and Woods v. Haydell, 5 Cir., 178 F.2d 914; that where overcharges have been proven by undisputed testimony, the Court has no discretion to grant a judgment either by way of restitution to the tenant or damages to the United States for a sum less than the net amount of such overcharges proven or found. That being the case, the lower Court erred in failing either to award restitution to the defendant, Lacey, for the full sum of $305.19, or to give judgment to the United States for such part of this sum, if any, as is not barred by the one-year statute of limitations. 50 U.S.C.A. Appendix, § 1895.

■ The complaint here, having sought both injunction and restitution to the tenant or, in the alternative, injunction and damages to the United States, is broad enough to cover the entry of either type of judgment, i. e., restitution or damages.

We do not intend to hold that in every case the trial judge must, of necessity, enter an order of restitution for the entire amount of the overcharge, regardless of any offset or counterclaim or countervailing equity asserted and established in favor of the landlord.

Mr. Justice Cardozo, speaking for the Court in Atlantic Coast Line R. Co. v. Florida, 295 U.S. 301, 55 S.Ct. 713, 716, 79 L.Ed. 1451, made or approved the following statements in reference to restitution:

" * * * The claimant, to prevail, must show that the money was received in such circumstances that the possessor will give offense to equity and good conscience if permitted to retain it. * * *

" * * * 'Restitution is not of mere right. It is *ex gratia*; resting in the exercise of a sound discretion and the court will not order it where the justice of the case does not call for it, * * *'

\* \* \* \* \* \*

"The claim for restitution yields to the impact of these converging equities with all their cumulative power. It would yield to such an impact, though the action to which it is an incident were triable in a

---

1. 50 U.S.C.A. Appendix, § 901, and 1 U.S. C.A. § 109.

2. See United States v. Moore, 5 Cir., 182 F.2d 336, and Moore v. United States, 5 Cir., 182 F.2d 332.

3. Since the Court ordered restitution to all of the tenants except Lacey of all of the overcharges, and since the overcharges to Lacey appear to be stated in separate items, and no reason appearing as to why the second item of overcharges was not allowed to Lacey, it would seem to have been purely an oversight on the part of the Court below in not allowing the $143.19.

court of law. Moses v. Macferlan, supra; Schank v. Schuchman, supra. It must yield more swiftly and surely when the litigants are in a court of equity. * * * Whatever power it [the court] has to compel restitution by the carrier of items subsequently collected derives from that primary jurisdiction and is ancillary thereto. * * *

"* * * It [the federal court] inquires whether anything has happened whereby a court of equity would be moved to impose equitable conditions upon equitable relief."

See also opinion of Judge Parker in Greenwood County v. Duke Power Co., 4 Cir., 107 F.2d 484, 131 A.L.R. 870.

This Court held, in Bowles v. Hasting, 5 Cir., 146 F.2d 94, 95, which was a suit under the Emergency Price Control Act for overcharges and injunction and which involved no question of restitution or the equitable right of restitution, that: "* * * When an excess in price is charged the damage is done, and the excess must be repaid, tripled in order to prevent recurrence. The court has no discretion, as it has with reference to the grant of an injunction, to withhold the damages."

Assuredly in an action at law such as the Hasting case the Court had no discretion to award damages in a sum less than the amount of the overcharge.

In Woods v. Haydell, supra, the Expediter sued for damages and proved overcharges in excess of $2,000; nevertheless, the lower Court entered a judgment in favor of the Expediter for only $147.25. No equitable relief by way of restitution was awarded. We said: "We think this was error. Whenever it is determined that there has been an overcharge, damages for the full amount of such overcharges should be awarded. Bowles v. Hasting, 5 Cir., 146 F.2d 94; Creedon, Expediter v. Olinger, 5 Cir., 170 F.2d 895." [178 F.2d 915]

In Creedon v. Olinger, supra, this Court said: "Since the undisputed evidence clearly discloses overcharges during the period alleged in the complaint, judgment for at least the amount of the overcharges must be granted in favor of the Expediter or, by way of restitution, to the tenant. 'When an excess in price is charged the damage is done, and the excess must be repaid, tripled [where willfulness is shown] in order to prevent recurrence. The court has no discretion, as it has with reference to the grant of an injunction.' Bowles v. Hasting, 5 Cir., 146 F.2d 94, 95." [170 F.2d 897]

In the Olinger case, although there was proof of charges in excess of the ceiling price, nevertheless, the Court rendered judgment for the plaintiff. It, therefore, seems to be clearly settled in this circuit that where the overcharges, not barred by the statute of limitations, are proven without dispute, judgment should be rendered against the landlord in a sum not less than the amount of such overcharges. This relief might be either by way of restitution in appropriate circumstances or by a judgment for damages under the law action. We do not, however, deem our decisions to require the Court always to enter a decree for *restitution* of any particular sum so as to take away from the court of equity that discretion which has always belonged to it in the matter of ordering restitution. See Atlantic Coast Line R. Co. v. Florida, supra. The Court *may* order restitution of the entire amount, but it is not *required* to do so. But it *must* order the landlord either to repay the entire amount of the overcharges by way of damages or by way of restitution in appropriate cases, or by way of both, but keeping always in mind that the amount awarded by way of restitution is within the sound discretion of a court in equity.

The appeal in Woods, Housing Expediter v. Estelle Thomas Jackson, No. 12955, is reversed for the entry of a proper judgment in damages or decree of restitution as the Court shall determine in accordance with the views herein announced. The judgment of the lower Court on the appeal of Estelle Thomas Jackson v. Woods, No. 12948, is affirmed.

Affirmed on appeal in No. 12948.

Reversed in part and remanded on appeal in No. 12955.