**ROBINSON v. SWOPE, Warden.**

No. 30341.

United States District Court
N. D. California, S. D.

Feb. 16, 1951.

Thomas Henry Robinson, in pro. per.

Frank J. Hennessy, U. S. Atty., San Francisco, Cal., Joseph Karesh, Asst. U. S. Atty., San Francisco, Cal., for respondent.

HARRIS, District Judge.

Thomas Henry Robinson, Jr. filed with Chief Judge William Denman, United States Court of Appeals for the Ninth Circuit, his Petition for a Writ of Habeas Corpus, leave to proceed in forma pauperis and for appointment of counsel; in addition, he filed an affidavit claiming bias and prejudice on the part of a United States District Judge.

■ Chief Judge Denman, in turn, has referred the matter to this Court for determination pursuant to 28 U.S.C.A. § 2241(b). Robinson's reasons for not filing his petition in the first instance before the United States District Court are not tenable nor meritorious.

The petition has some historical significance. See opinion of Chief Judge Michael Roche, Robinson v. Johnston, D.C.Cal.1943, 50 F.Supp. 774, 778.[1] As a result of Judge Roche's decision granting habeas corpus, the petitioner was retried in the District Court of the United States for the Western District of Kentucky before the Honorable Shackelford Miller, Jr., Judge,[2] and a jury for the kidnapping of one Mrs. Alice Stoll in October, 1934, in violation of Section 408 of Title 18 U.S.C.A., now Section 1201, 18 U.S.C.A., and with a conspiracy to kidnap Mrs. Stoll. He was convicted after a lengthy trial and the death penalty was meted out to him. On this second trial, as distinguished from the earlier proceedings, he was represented by able counsel. Subsequent to conviction counsel prosecuted his appeal which resulted in an affirmance of the judgment of conviction. See Robinson v. United States, 6 Cir., 144 F.2d 392.

The Court of Appeals, Sixth Circuit, examined his appeal and the assignments of error with considerable care and concluded, after having considered the extensive record, that it presented no prejudicial error. Thereafter, while petitioner was confined in Alcatraz Penitentiary, the President of the United States commuted the death penalty. Petitioner is now serving a life sentence in said penitentiary.

With this background established, we now take up the contents of the petition and the memorandum filed by Robinson. The documents are prepared with lawyer-like care and represent great industry on the part of the inmate. It may be observed that petitioner had received some preliminary legal education at Vanderbilt University prior to the events which led to the charges under the so-called "Lindbergh Law."

It is unnecessary to dilate upon the elaborate assignments contained in the petition. Suffice it to say that they are concerned in the main with an attempt on petitioner's part to relitigate many of the matters disposed of by the Court of Appeals in Robinson v. United States, 6 Cir., 144 F.2d 392.

In substance, the petition addresses itself to an attack upon the credibility of witnesses and, as observed, a re-examination of many matters disposed of, or which might

---

1. On the first proceedings he was not represented by, nor was counsel appointed. Judge Roche found "that the petitioner did not intelligently waive his right to the assistance of counsel" because he "neither knew of his constitutional right nor was advised of it by the trial judge".

2. Now a member of the Court of Appeals, 6th Cir.

otherwise have been disposed of, by the Court of Appeals.

In addition to points previously presented, Robinson also claims that the judgment of conviction and sentence is void on the ground that he "was denied due process of law and the right against self-incrimination, as guaranteed by the Fifth Amendment, and the right to a fair and impartial trial, as guaranteed by the Sixth Amendment, because the trial judge himself brought to the attention of the jury panel the former involuntary plea of guilty and permitted and encouraged two prospective jurors to do the same, for the manifest purpose of showing guilt and aiding conviction." (P. 5, Petition for Writ) Petitioner further claims that this matter was not presented to the Court of Appeals and that he is now entitled to relief under Bayless v. United States, 8 Cir., 150 F.2d 236, 238.

Petitioner, however, discloses that he has not filed a motion before the trial court in conformity with Title 28 U.S.C.A. § 2255 and takes the position that the remedy by said motion is "inadequate or ineffective."

█ Under the circumstances the Petition for Habeas Corpus is Denied, it appearing that the applicant has failed to apply for relief by motion to the court which sentenced him, and it further appearing that the remedy by said motion is neither inadequate nor ineffective to test the legality of his detention.[3]

This matter may well present an opportunity for our Court of Appeals, Ninth Circuit, to clarify this section and the practice thereunder for the trial courts. See Stidham v. Swope, D.C., 82 F.Supp. 931; Hayman v. United States, 9 Cir., 187 F.2d 456; and Mugavero v. Swope, D.C., 86 F.Supp. 45.

---

3. Barrett v. Hunter, 10 Cir., 180 F.2d 510, Opinion by Phillips, Chief Judge; Hart v. Hunter, D.C., 89 F.Supp. 153; Gebhart v. Hunter, D.C., 89 F.Supp. 336; Martin v. Hiatt, 5 Cir., 174 F.2d 350; St. Clair v. Hiatt, D.C., 83 F.Supp. 585, affirmed 5 Cir., 177 F.2d 374; Wong v. Vogel, D.C., 80 F.Supp. 723, Opinion by Ford, Chief Judge; United States v. Calp, D.C., 83 F.Supp. 152; Taylor v. United States, 4 Cir., 177 F.2d 194; Birtch v. United States, 4 Cir., 173 F. 2d 316; Howell v. United States, 4 Cir., 172 F.2d 213, Opinion by Parker, Chief Judge; United States v. Lowrey, D.C., 84 F.Supp. 804; United States v. Meyers, D.C., 84 F.Supp. 766.