## UNITED STATES v. COHEN.
### Civ. A. 1339.

District Court of the United States
D. Rhode Island.
March 27, 1953.

Vincent L. Scanlon, Trial Atty., Office of the Housing Expediter, Boston, Mass., for the plaintiff.

Philip B. Goldberg, of Providence, R. I., for the defendant.

LEAHY, District Judge.

This is an action brought by the United States of America against Eva Cohen for restitution of alleged rent overcharges and for injunctive relief under the provisions of section 206(b) of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A. Appendix §§ 1881 et seq., 1896(b).

The case was tried without a jury and was submitted to the court for decision on the basis of the pleadings, oral testimony, and arguments of counsel.

The plaintiff's complaint alleges in substance that during the period in question the defendant was the landlord of the premises at 24 Donelson Street, Providence, Rhode Island, and that said premises are housing accommodations in the Providence Defense-Rental Area. It alleges further that on or about February 10, 1949 the defendant demanded of Nathan Schwartz, then a prospective tenant, that, as a condition precedent to his occupying the described premises as a tenant, he purchase and install, at his own expense, a new oil burning unit in said premises, in addition to paying the maximum legal rent established for said premises; that said prospective tenant did purchase and install in said premises a new oil burning unit; and that he was thereafter allowed by the defendant to occupy said premises as tenant.

The complaint alleges further that said demand was made by the defendant without the prior written consent of the Housing Expediter and that it was made in violation of § 221 of the Housing Rent Regulation issued pursuant to the Housing and Rent Act of 1947, as amended.

In her answer the defendant denies that the installation of said oil burning unit was a condition precedent to the renting of the premises to said tenant, and alleges that said unit was installed by Nathan Schwartz after he had already become a tenant; that it was installed for the tenant's own use and benefit; that it was understood and agreed by the defendant and said tenant that in the event of the termination of said tenancy by the tenant, he would restore the coal burning unit in said premises in the same condition or as nearly the same condition as the said coal burning unit had been in at the time of the installation of the oil burning unit, or if unable to do so, would leave said oil burning unit in lieu of said coal burning unit.

The principal issue presented by the pleadings is whether the tenant, Nathan Schwartz, was required to purchase and install an oil burning unit in the premises in question as a condition precedent to the letting of said premises to him, or whether the purchase and installation was made by the tenant voluntarily, after the letting, and for his own use and benefit.

At the trial of the case Mr. Schwartz testified that on February 3, 1949, shortly before the beginning of his tenancy, he was told by the defendant and her husband that the premises would be let to him if he first agreed to replace the coal burning unit, which then constituted the heating source for the premises, with an oil burning unit. He further testified that he agreed to this condition; that his tenancy began on February 15, 1949, by his payment on that date of the rent for half the month of February; and that he assumed occupancy of the premises on February 22, 1949. He further testified that an oil burning unit was installed in the premises on February 9, 1949, and that the bill for this unit, in the sum of $277.75, was received by him on February 10, 1949, and was subsequently

paid by him. It appears further that on February 19, 1949, the defendant and Schwartz executed a lease wherein it was agreed that "in the event that the Lessee shall change the present heating system for said demised premises from a coal heating system to an oil heating system then in such event that the said oil heating system, so installed, shall be and become the property of the said Lessor and shall become part of the said demised premises and at the expiration or sooner termination of this lease the Lessee shall not remove the said oil heating system or any part thereof from the said premises." It is to be noted that despite the introductory words in the quoted portion of this lease, the oil burner had already been installed at the time the lease was executed.

The defendant's husband testified in her behalf that the tenant paid cash for half a month's rent prior to February 1, 1949, and that on that date the tenant made a payment by check for all the rent for February. He testified further that the tenant moved into the premises prior to February 1, 1949, and that it was after he had moved in, and to suit his own convenience, that he requested permission to install an oil burner to replace the existing coal burning unit.

The defendant, herself, testified that the tenant's first payment of rent was made in cash on January 10, 1949, for a half a month's rent, and that the next payment was made by check on February 1, 1949, in full payment of the rent for the month of February.

■■ The testimony of the defendant and her husband, that January, 1949, was the month for which a half month's rent was paid by the tenant, and that the payment for the month of February was made on February 1, 1949, in the full amount of the rent due for February, is contradicted by the documentary evidence of the cancelled checks of the tenant. Mr. Schwartz' check of February 15, 1949, in the sum of $20, payable to Benjamin Cohen, and endorsed by him, has not been otherwise explained except as payment of rent for the latter half of the month of February. Clearly, if Mr. Schwartz had become a tenant during the early part of January 1949, as defendant contends, this check for the February rent would have been for the full rental of $39. Indeed, the defendant insists that a check in that amount was paid her on February 1, 1949, but she has introduced no documentary evidence, in the way of rent receipt stubs or otherwise, to support that contention. The Court is satisfied that the tenant Schwartz assumed his tenancy on the 15th of February, 1949, the day on which he paid $20 as rent for one-half that month. The oil burner had already been installed in the premises by that date, and the Court finds that it was installed by the tenant as a condition precedent to his being allowed to rent the premises. The imposition of such a condition was equivalent to demanding from the tenant an amount over and above the maximum legal rent chargeable for the premises, and the amount of the overcharge is equal to the cost of the oil burner and its installation, if that cost was not unreasonable. The Court is satisfied that the sum of $277.75, which the tenant paid for the oil burner plus its installation, was not unreasonable.

■■ Although the installation of an oil burner by a landlord constitutes an increase in the furnishings, equipment or services provided by him to his tenant, and thus provides a ground for his applying to the Area Rent Director for an upward adjustment in rent, the installation of such a burner does not justify the landlord in increasing the rent without first obtaining authority from the Rent Director. Woods v. Dodge, 1 Cir., 1948, 170 F.2d 761. Since the expenditure of $277.75 by the tenant in the instant case was equivalent to an increase in total rent paid by him, the defendant here was not justified, without first obtaining authority from the Rent Director, in making the installation of an oil burner a condition precedent to the letting of the premises to the tenant. Woods v. Dodge, supra. Thierry v. Gilbert, 1 Cir., 1945, 147 F.2d 603.

The Government has made the contention that under the decision of Woods v. Dodge, supra, the defendant here is guilty of an overcharge, regardless of whether the installation of the oil burner was or was

not a condition precedent to the letting of the premises. The Court finds it unnecessary to decide this point, however, in view of its finding that the installation of the burner was in fact a condition precedent to the letting.

■ The defendant contends, however, that even if the installation of the oil burner were a condition precedent to the letting, the restitution payable to the tenant in such event ought to be reduced by the value of the benefit which the tenant received from the oil burner during his stay in the premises. But since the installation of the burner by the tenant was tantamount to his paying an increased rent for the premises, it was mandatory upon the landlord to obtain authority from the Area Rent Director before demanding this installation. Not having obtained such authority, she cannot now set off from the amount of the overcharge a sum measured by the value of the benefits accruing to the tenant. Creedon v. Olinger, 5 Cir., 1948, 170 F.2d 895. Therefore, under the circumstances of this case a judgment for at least the amount of the overcharge, that is, the reasonable cost of the burner plus its installation, must be granted in favor of the Government or, by way of restitution, to the tenant. Creedon v. Olinger, supra.

Judgment shall be entered for the plaintiff, and the defendant is ordered to pay to the Treasurer of the United States for and on behalf of the tenant, Nathan Schwartz, the sum of $277.75 as restitution to the tenant for overcharges paid by him. Plaintiff's prayer for injunctive relief is also granted.